HANNIBAL POTTER, Respondent, *v.* NICHOLAS G. SMITH, Appellant.

In an action of trespass upon lands, the complaint alleged possession and ownership of the *locus in quo* in plaintiff. The answer alleged in substance that defendant was the owner of lands adjoining the lands of the plaintiff, mentioned and described in the complaint, that he had a right of way across the said lands of the plaintiff, and that he entered to remove obstructions unlawfully placed thereon. The answer concluded by denying the allegation of the complaint, "except as hereinbefore answered." *Held*, that the ownership and possession in the plaintiff of the *locus in quo* were admitted by the pleadings; and that although plaintiff unnecessarily attempted to show possession in fact at the time of the alleged trespass, but failed, and the proof showed title and possession in his wife, yet it was no error for the court to allow him to repose upon the admissions.

(Argued April 25, 1877; decided September 18, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was for trespass upon lands. The complaint alleged title to, and possession of, the *locus in quo* in plaintiff.

The answer alleged in substance, that defendant was the "owner in fee of lands lying next northerly of the lands of plaintiff, which are mentioned and described in the complaint, and that as appurtenant thereto defendant owns an open right of way across the said lands of the plaintiff," which right of way defendant alleged he had a right to have, free from any bar or gate across the same. That plaintiff unlawfully put a gate across such way; that defendant cut down and removed the same as an unlawful obstruction to his right of way, which was the trespass complained of.

The concluding clause of the answer was as follows: "and except as hereinbefore answered, defendant denies the said complaint, and each and every allegation thereof, and alleges that none of the allegations thereof are true."

Upon the trial, plaintiff gave evidence showing title in the *locus in quo* in his wife. He also gave evidence of an agreement between himself and his wife as to the working of the land. The court held that under the agreement plaintiff's wife retained the possession. Plaintiff's counsel thereupon claimed that under the pleadings, title and possession in plaintiff was admitted. The court so decided. Defendant's counsel excepted, and thereupon asked the court to hold that inasmuch as plaintiff had given evidence showing title and possession in his wife, the admissions in the answer became inoperative. This the court refused to do, and said counsel duly excepted. The court directed a verdict for plaintiff.

*S. Earl*, for the appellant. Plaintiff's wife was the only proper party to maintain this action. (*Ackley* v. *Tarbox*, 31 N. Y., 564.) The answer did not admit plaintiff's title. (V. S. Pldgs. [Moak's ed.], 512–520; *Mattison* v. *Smith*, 19 Abb. Pr., 288; *Meehan* v. *Har. Svgs. Bk.*, 5 Hun, 439; *Smith* v. *Wells*, 20 How. Pr., 158.) Plaintiff must succeed if at all *secundum allegata et probata*. (*Voorhees* v. *Burchard*,

55 N. Y., 98; *Bryan* v. *Baldwin,* 52 id., 232; *Stickney* v. *Blair,* 50 Barb., 340 ; *Wood* v. *Wood,* 26 id., 359· Code, § 159.)

*Amos H. Prescott,* for the respondent. Plaintiff's cause of action was admitted by the pleadings. (*People* v. *North. R. R. Co.,* 42 N. Y., 217; 53 Barb., 98; Code. §§ 149, 168, 60; 19 Wend., 123; 7 How., 404; 6 id., 185; 18 Barb., 526.) Plaintiff had a right to put gates or bars at each end of the road, and it was immaterial whether or not it had been open sometimes. (*Bakeman* v. *Talbott,* 31 N. Y., 371; *Haner* v. *Young,* 4 Lans., 63; Washb. on Easem'ts, 195, 216.)

ANDREWS, J. The complaint alleges that the plaintiff, when the alleged trespass was committed, was the owner and in possession of the premises upon which the alleged unlawful entry by the defendant was made.

The defendant in his answer justifies the entry on the ground that he had an open right of way over the premises, and entered to remove an obstruction unlawfully placed therein. The plea of justification assumes that the plaintiff has a cause of action, except for the matter specially pleaded. But, aside from this, the language in the answer setting up the justification, by fair construction, admits that the plaintiff owned and was possessed of the *locus in quo.*

The answer alleges that the defendant was the owner of the lands lying next " northerly of the lands of the plaintiff, which are mentioned and described in the complaint; " that he has an open right of way across " the said lands of the plaintiff," granted by a former owner; that the plaintiff or some one in possession of the land within five years last past wrongfully put a gate across the way; that the defendant " requested the plaintiff to remove such gate and to discontinue the same, and he promised to do so, but wrongfully continued the same; " and that thereupon he entered and removed the gate, etc. The answer is in substance, " true; I entered your (plaintiff's) premises, but I did so to remove

an obstruction maintained by you in a way from my lands across your lands, as I had a lawful right to do." The court was, we think, justified in treating the ownership and possession of the *locus in quo* in the plaintiff, as admitted by the pleadings. The concluding clause in the answer which denies the complaint, "except as hereinbefore answered," is not a denial of the plaintiff's title alleged in the complaint, as that is answered and admitted by what precedes it.

The fact that the plaintiff failed to prove either title or possession to the *locus in quo*, did not deprive him of the benefit of the admission in the answer. The record is consistent with a recovery by the plaintiff, because that admits a title in him.

The plaintiff unnecessarily attempted to show that he had possession in fact at the time of the alleged trespass, and the proof, as the court held, showed that both the legal title and possession was in his wife. Assuming that the judge might under the circumstance have held that by going into proof, the plaintiff should be deemed to have waived the benefit of the admission in the pleadings; he did not do so, and no rule of law was violated in allowing the plaintiff to repose upon the admission of title, after he had attempted, but failed, to establish his title or possession by proof.

There was no exception to the direction of the verdict, and no other point is urged for the reversal of the judgment, except the one we have considered.

The judgment should be affirmed.

FOLGER, MILLER and RAPALLO, JJ., concur; ALLEN, J., dissents; CHURCH, Ch. J., not voting; EARL, J., not sitting.

Judgment affirmed.