THOMAS HALPIN, Respondent, v. THE ÆTNA FIRE INSURANCE COMPANY OF HARTFORD, Appellant.

A policy of fire insurance was issued by defendant on the boilers, machinery and apparatus "used in the business of manufacturing leather and morocco" in a certain building described, which policy provided that in case the "premises shall become vacant or unoccupied, and so remain more than thirty days without notice to, and consent of this company, in writing, this policy shall be void;" also, that "any change within the control of the assured material to the risk shall void this policy." In an action upon the policy, it appeared that plaintiff leased the building and machinery to a firm who had been engaged in the manufacture of leather, but who ceased business some months before the fire and left the premises; from that time the building was closed, and the factory remained idle until its destruction by the fire. It did not appear that defendant had notice that the premises were vacant, or gave consent. Plaintiff left the factory in charge of one F., who had the keys, and visited it three or four times a week. He had had the windows boarded up and one H., who lived in a house on the premises, looked after them when at home, his wife doing so during the day when he was at work. H. did not have the key of the factory, but procured it of F. when wanted. A motion to dismiss the complaint on the ground that the premises were unoccupied within the meaning of the said provision, and had been for more than thirty days, without notice or consent, was denied. *Held*, error.

(Argued March 5, 1890; decided March 18, 1890.) ·

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 27, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court, and affirmed an order denying a motion for a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*Thomas E. Pearsall* for appellant. The building was "unoccupied," within the meaning of the policy, and the refusal of the court to nonsuit and to charge the jury that it was "unoccupied" was error. (Blodgett on Fire Ins. § 29; *Keith* v. *L. Ins. Co.*, 92 Mass. 228; *Paine* v. *A. Ins. Co.*, 5

T. & C. 619; *Herrman* v. *A. Ins. Co.*, 85 N. Y. 762; *More* v.
*P. Ins. Co.*, 34 Alb. L. J. 369; *Herrman* v. *M. Ins. Co.*,
81 N. Y. 184; *Whitney* v. *B. R. Ins. Co.*, 72 id. 118; *Wilds*
v. *H. R. R. R. Co.*, 24 id. 442; *Barry* v. *P. Ins. Co.*, 35
Hun, 601.)

*Nathaniel C. Moak* for respondent.  Each party having
requested the court to direct a verdict in his or its favor, and
defendant having called the attention of the court to no question
it desired to have submitted to the jury, the conclusion of the
court upon any question which there was some evidence to
sustain is not open to review here.  (*Gregory* v. *Mayor, etc.*,
21 N. E. Rep. 119.)  The court properly directed a verdict
for plaintiff.  (*Baley* v. *H. Ins. Co.*, 80 N. Y. 23; *Herrman*
v. *M. Ins. Co.*, 81 id. 184; *Hoffman* v. *A. Ins. Co.*, 32 id.
405; *Greffey* v. *N. Y. C. Ins. Co.*, 100 id. 417; *Reynolds* v.
*C. Ins. Co.*, 47 id. 597; *Rosenwald* v. *P. Ins. Co.*, 50 Hun,
174, 175; *Raun* v. *H. Ins. Co.*, 59 N. Y. 387; *Schuster* v. *D.
Co.*, 102 id. 260, 263–265; *Merrill* v. *A. Ins. Co.*, 73 id. 452,
461.)  The question as to increase of hazard should not be
considered here.  No such defense was pleaded, and, conse-
quently, could not be raised at the trial.  (*Smith* v. *H. Ins.
Co.*, 47 Hun, 42; *R. F. Ins. Co.* v. *Hannawold*, 37 Mich. 103;
*H. Ins. Co.* v. *Kinnier*, 28 Gratt. 38; *Mills* v. *Oswego., etc.*,
18 Hun, 525; *Foy* v. *A. Ins. Co.*, 3 Allen [N. B.] 29, 35, 36.)

HAIGHT, J.  This action was brought on an insurance
policy issued February 10, 1883, to recover the damages
sustained by reason of the destruction by fire of the property
insured.  The defendant, by its policy, had insured the
defendant in the sum of $2,000 " on its boilers, steam engine
and connections, machines, machinery, shafting, belting, pul-
leys, hangers, tubs, tanks, vats, tables, tools and all machinery
and apparatus used in the business of manufacturing leather
and morocco, all contained in the frame building and exten-
sion situate on the south side of Wallabout street, about 275
feet westerly from Lee avenue, Brooklyn, one year, against

all loss or damage by fire to the property specified," etc. This policy, however, was made subject to the following condition: "If the above-mentioned premises shall become vacant or unoccupied, and so remain more than thirty days without notice to and consent of this company in writing, then this policy shall be void; any change within the control of the assured material to the risk shall avoid this policy."

The fire occurred on January 4, 1884, and resulted in a total loss of the building and machinery. It appears that the plaintiff had leased the building and machinery to Hance & Underhill, who had been engaged in the manufacture of leather; that in July, 1883, they ceased business and left the premises, and from that time the building was closed and the factory remained idle until the fire; that the plaintiff resided at Newark, N. J., and had left the factory in charge of one Faulkner, who had the keys and visited the premises three or four times a week; that he caused the windows to be boarded up, and had one John Halpin to watch the premises; that Halpin lived in a house on the premises about fifteen feet from the factory building, and looked after the premises when at home, and day-times, when he was away at work, his wife looked after it. Halpin did not have a key to the factory, but whenever he wanted to go in he went to Faulkner and got it.

The facts disclosed in reference to the premises becoming vacant or unoccupied are the same as those considered by us in the case of *Halpin* v. *Phœnix Ins. Co.* (118 N. Y. 165), in which we held that the premises were unoccupied within the meaning of the policy. The condition says: "If the above-mentioned premises shall become vacant or unoccupied." The only premises mentioned above is the building in which the boilers and machinery insured are located. The premises mentioned in the condition clearly refers to such building. (*Herrman* v. *Adriatic Fire Ins. Co.*, 85 N. Y. 162.)

There is no claim that the defendant had notice that the premises were vacant or consented that they might remain unoccupied. After the plaintiff had rested, and again, after the evidence had closed, the defendant moved for a dismissal

of the complaint upon the ground that the premises were unoccupied within the meaning of the policy prior to the fire, and had so remained more than thirty days without notice to and consent of the defendant.    The motions were denied and exceptions were taken.    Under our decision in the case of *Halpin* v. *Phœnix Ins. Co.* (*supra*) the motions should have been granted.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.