McAdam, J.
The litigation concerns a Columbia College lease of property on Murray street, in this city, having a number of yeaas to run, with privilege of renewal, one of which has been granted.
The pleadings admit the plaintiffs’ chain of title, and such admission is conclusive. Smith v. Tuttle, 70 N. Y. 299. It is admitted that Dunning transferred the lease to the plaintiffs, May 4, 1875, and the defendants claim that the plaintiffs transferred it to the defendants, George P. Brook and John P. Meyer, May 13, 1875. The plaintiffs deny that they executed any such instrument, and have proved that they were infants at the time, of the respective ages of eleven and twelve; so that the transfer, if made, is voidable by them, and must be declared void on their application. It does not appear that any consideration was ever paid to them; therefore they have nothing to return as a condition of rescission. The record of the transfer to the plaintiffs is prima facie evidence of delivery to them. Cases cited in Gifford v. Corrigan, 105 N. Y., at p. 224; 7 St. Rep. 7; Lawrence v. Farley, 24 Hun, 293 ; Gilbert v. North American Ins. Co., 23 Wend. 46; Van Valen v. Schermerhorn, 22 How. 418.
The evidence of the plaintiffs proving their own ages was competent. Banks v. Metcalfe, 1 Wheel. Cr. Cas., 381; Cheever v. Congdon, 34 Mich. 296; Morrison v. Emsley, 53 id. 564; Wharton Ev., 3d ed., § 208; R. R. Co. v. Coggin, 73 Ga. 689, and see 31 Pac. R. 790; Penal Code, § 19, and cases cited in note thereto.
The execution was issued September 28,1877, and the sale was thereafter made under it.
The plaintiffs had twenty years within which to bring their action to redeem. Code, § 379 ; Schriver v. Schriver, 86 N. Y. 575; Howell v. Leavitt, 95 id. 617; Clark v. Gibbons, 83 id. 107; Acker v. Acker, 81 id. 143. Where the title of a party in possession of lands has become fixed and absolute by reason of the statute of limitations, it is not affected by a subsequent statute extending the time of the limitation. Schriver v. Schriver, supra. The rule, however, does not apply to the defendants, who, in the light of the evidence, do not stand in the position of a party in possession with title, but as strangers to the plaintiffs, the possessors of the title. Id.
The plaintiffs are, therefore, entitled to redeem, and to that end an accounting must be had on equitable principles to be declared in the decree. Judgment accordingly.