KILLEAN MARTIN. Appellant, *v.* THE ROCHESTER. GERMAN INSURANCE COMPANY, Respondent.

*Fire insurance policy — condition as to occupancy of the premises.*

Upon the trial of an action brought upon a fire insurance policy, insuring a certain house while occupied by the insured or by his tenant, it was shown that at the time of the fire neither the insured nor any other person was living upon the premises, but that the insured had placed certain of his farming implements in such house.

*Held,* that it was a personal occupancy that was provided for in the policy;

That the presence of farming implements in such house was not an occupancy thereof, within the meaning of the policy, and that the plaintiff was not entitled to recover.

APPEAL by the plaintiff, Killean Martin, from a judgment of the Monroe County Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 21st day of December, 1894, upon the verdict of a jury rendered after a trial at the Monroe County Court, and also from an order entered in said clerk's office on the 21st day of December, 1894, denying the plaintiff's motion for a new trial made upon the minutes.

*John E. Robson,* for the appellant.

*George F. Yeoman,* for the respondent.

LEWIS, J.:

The cause of action as stated in the complaint is that the defendant, in and by the terms of an insurance policy, in consideration of the premium paid by the plaintiff, contracted and agreed with the plaintiff, among other things, that in case a certain house owned by plaintiff should be occupied by plaintiff or by a tenant during the three years next following the 9th day of April, 1892, and at any time during said period should be destroyed by fire without fault or negligence of the plaintiff, and in case certain farming implements should be so destroyed, then defendant would pay to plaintiff the amount of his loss occasioned by said fire not exceeding the sum of $400 upon the said dwelling house, and that the house so insured and occupied was destroyed by fire to the damage of the plaintiff, etc.

The allegations of the complaint as to the insurance and the conditions thereof were not denied by the answer, and, hence, for the purposes of the trial must be considered to be the established facts. (Code Civ. Proc. § 522; *Potter* v. *Smith*, 70 N. Y. 299.)

At the time the policy was issued the dwelling house was occupied by a tenant of the plaintiff. He remained therein until the 5th day of April, 1893, when he moved his family out with the principal part of his furniture, leaving, however, a few articles of furniture in the house. The plaintiff thereupon put into the house some farming implements which remained therein down to the time of the fire, which occurred on the 1st day of March, 1894. This was the only manner in which the house was occupied from the time the tenant left, as stated, down to the time of the fire. The plaintiff had a verdict for sixty dollars for his loss on farming implements.

The trial court held that the house was unoccupied within the meaning of the policy after the same was vacated by the tenant. The policy was read in evidence and from it it appeared that a portion of the property insured was a frame dwelling house described as "Buildings situate in the town of Rush, county of Monroe, State of New York, and occupied by tenant and insured." The policy further provided as follows: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied, and so remain for ten days."

It is the contention of the appellant's counsel that the conditions of the policy as to the occupancy were complied with by the placing of the farming implements in the dwelling house after the removal of the tenant. We do not so construe the policy. The house was unoccupied within the meaning of the policy after the tenant removed therefrom. (*Barry* v. *The Prescott Ins. Co.*, 35 Hun, 601; *Herrman* v. *Adriatic Fire Ins. Co.*, 85 N. Y. 162; *Halpin* v. *Phœnix Fire Ins. Co.*, 118 id. 165; *Halpin* v. *Ætna Ins. Co.*, 120 id. 70.)

The plaintiff sought to introduce parol evidence to show that the agent effecting the insurance gave the construction contended for by the plaintiff to the language of the policy, but, as heretofore

stated, the plaintiff in his complaint put a different construction upon the policy, the same as that given to it by the trial court. The language of the policy does not seem to us to be at all ambiguous. It was an occupancy by a family that was provided for, and in case the plaintiff's tenant vacated the premises it was incumbent upon the plaintiff to see that it was occupied by another family. It is a matter of common knowledge that underwriters esteem a dwelling house not occupied as a residence to be more liable to destruction by fire than one thus occupied. Incendiarism is an important factor in insurance risks. The presence of a family in a house tends to protect it against the work of incendiaries. The presence of the plaintiff's farming implements in the dwelling cannot be said to have in any manner protected it against fires.

The trial court properly held that the plaintiff was not entitled to recover the loss upon the dwelling house. That being the only question presented by this appeal, the judgment and order appealed from should be affirmed, with costs of this appeal to the respondent.

DWIGHT, P. J., and BRADLEY, J., concurred.

Judgment and order affirmed, with costs.