tice if a party could lose the benefit of a trial and a verdict in his favor by the mere mistake of the foreman of the jury in reporting to the court the result of the deliberations of himself and his fellows. The power of a court of record over its records, and to make them truthful, is undoubted, and has been exercised without question."

Burhans v. Tibbits, 7 How. Prac. 21, was decided by Judge Harris, who said:

"When mistakes occur,—and occur they will and do,—every court will feel bound, so far as practicable without injustice to any one, to correct them."

I think the order should be affirmed, with costs. All concur.

---

(64 App. Div. 367.)

### COUCH v. FARMERS' FIRE INS. CO. OF YORK, PA.

(Supreme Court, Appellate Division, Second Department.   October 4. 1901.)

INSURANCE—FORFEITURE OF POLICY—VACATION OF PREMISES.

    A fire policy provided that it "unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied, and so remain for ten days." Plaintiff left the property, and was absent nearly five months, during which time no one occupied the house. There was no agreement indorsed on or added to the policy, and no claim that such an agreement had been made, or that the provision had been waived. *Held*, that plaintiff's absence worked a forfeiture.

Appeal from trial term, Orange county.

Action by Melissa H. Couch, administratrix of the estate of Charlotte M. Brome, deceased, against the Farmers' Fire Insurance Company of York, Pa.  From a judgment in favor of the plaintiff, defendant appeals.  Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Seward A. Simons, for appellant.
William F. O'Neill, for respondent.

HIRSCHBERG, J.   The plaintiff has recovered a judgment upon a fire insurance policy for the loss of her dwelling and household furniture, and the only question presented on this appeal is whether the defendant's motion for a nonsuit should have been granted.   The policy contains this provision:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days."

There was no contrary agreement indorsed upon or added to the policy, and no claim that such an agreement had been made, or that the provision had been waived.   The building described in the policy was the plaintiff's dwelling house, situated in the village of Philipsport, in Sullivan county.   It was proven without dispute that at Thanksgiving time in 1898, or about December 1st of that year, the plaintiff left the house to go on a visit with her daughter to New

York and to Philadelphia; that she remained away until the 22d or 23d of April, 1899; that during that time no one either occupied the house or went into it; that the back part of the house was nailed up; and that the key was left with a neighbor. The plaintiff testified that she intended to return to the house about the middle of January, 1899, but was prevented from doing so by sickness. The fire occurred the day after she returned or the day following, on April 24th, at all events. Under these circumstances it would seem clear that by the express terms of the policy it had become void before the fire, and that, in the absence of proof of waiver or a consent on the part of the insurer to a continuance of the risk, no recovery could be lawfully had upon the contract. None of the cases cited by the learned counsel for the respondent supports or tends to support a construction to the contrary.

In Wait v. Insurance Co., 13 Hun, 371, opinion by Dykman, J. (Gilbert, J., dissenting; Barnard, P. J., not sitting), the policy provided that it should be void if the dwelling house should cease to be occupied by the owner or occupant in the usual or ordinary manner in which dwelling houses are occupied as such. The house was occupied by a tenant, who, on March 15th, commenced to move out without the knowledge of the insured, and removed most of the furniture and all of his family, intending, doubtless, to return and take the remainder of his furniture, and then surrender possession of the premises. The house was destroyed by fire on the night of the 16th. The court held that the question whether or not the house was "unoccupied" at the time of the fire, within the meaning of that term as used in the policy, was properly left to the jury. In the case at bar, in addition to the great difference in the terms of the policy and in the facts, it is to be noted that nothing on the subject of the occupancy of the house was left to the determination of the jury.

In Johnson v. Insurance Co., 39 Hun, 410, the condition of the policy was that it should become void "if the building herein described be or become vacant or unoccupied for the purposes indicated in this contract." The evidence showed that the plaintiff and her husband and family occupied the premises as a dwelling house; that a week or two before the fire they left the house to visit friends, leaving no one there; that during that time the husband came back and stayed in the house overnight on two occasions; and that he and a Mr. Gray stayed there on the night of the fire. The court sustained a finding by the jury that the house was not "vacant" or "unoccupied" within the meaning of those terms as used in the policy.

In Vanderhoef v. Insurance Co., 46 Hun, 328, the condition was that the policy should be void if the dwelling house "shall cease to be occupied by the owner or occupant in the usual and ordinary manner in which dwelling houses are occupied as such" until the written consent of the company should be obtained. The agents of the company knew that the house was unoccupied at the time the policy was issued, except by the plaintiff's children while attending school, from Monday until Friday of each week while school was in session, the house being unoccupied during the remainder of the time, and

that the plaintiff intended to continue to use it in that manner. There were other "peculiar circumstances" connected with the case, and the court, in reversing a judgment of nonsuit, decided that the question of the occupancy of the house should have been submitted to the jury under proper instructions.

In Cummins v. Insurance Co., 67 N. Y. 260, 23 Am. Rep. 111, the distinction between "vacant" and "unoccupied" was pointed out. The condition was that the policy would be void if the dwelling house should "become vacated by the removal of the owner or occupant." The court of appeals held that the provision referred to a permanent removal,—an entire abandonment of the house as a place of residence,—and not to an absence for a temporary and special purpose, although for a considerable period of time. The plaintiff had been nonsuited at the circuit on the authority of Paine v. Insurance Co., 5 Thomp. & C. 619. But the policy in that case contained a provision that, should the house insured be left unoccupied without notice, the policy should be void. Considering that case and others of the same character, Judge Rapallo said (page 263, 67 N. Y., page 113, 23 Am. Rep.):

"The mere fact that the house was left unoccupied was sufficient to avoid the policy, according to its express terms, unless immediate notice were given."

He added:

"In all these cases it was immaterial how the house came to be vacated or unoccupied. The fact alone was sufficient. But in the present case merely vacating the house or leaving it unoccupied was not declared in the policy to be sufficient to terminate the insurance. The condition was superadded that it must have been vacated by the removal of the owner or occupant. Some significance must be attached to these words, and we think that they refer to a permanent removal and entire abandonment of the house as a place of residence. So long as the occupant retained it as his place of abode, intending to return to it, and left his furniture and effects there, some degree of watchfulness and care on his part might reasonably be expected. He would continue to have an interest in its protection and preservation, and in common parlance he would not be said to have removed therefrom."

In Halpin v. Insurance Co., 120 N. Y. 73, 23 N. E. 988, the insurance was on personal property alone, being machinery contained in a certain building. The only provision of the policy specifically pleaded by the defendant was the following, viz.:

"If a building covered by this policy shall become vacant or unoccupied, or if a mill or manufactory shall stand idle or be run nights or overtime, without notice to and the consent of the company clearly stated hereon, all liability hereunder will thereupon cease; and if a building shall fall, except as the result of a fire, this policy, if covering thereon or on property therein, shall thereupon immediately cease and determine."

The contention of the insurance company was that:

"The machinery covered by the policy constituted a mill, and its standing idle created a forfeiture."

This contention was rejected by the court, and the case was decided upon the broad principle that where a claim of forfeiture is based upon a clause in a contract which is capable of two constructions, one of which will support, and the other defeat, the prin-

cipal obligation, the former will be preferred, so as not to permit a forfeiture upon equivocal or doubtful language.

These are all the cases cited by the respondent which bear directly upon the question. In addition to other features which serve to distinguish them from the one now under consideration, it is note-worthy that in none of them is a condition of unoccupancy provided for and permitted for a determined period. Here the policy contemplates that the plaintiff may vacate or leave the premises unoccupied for a brief period, but with the condition annexed that an excess over ten days shall work a forfeiture. The plaintiff left her property with the intention of remaining away for six weeks at least, and was actually absent nearly five months, during which no human being was in the house. Under such circumstances the language of the court, at page 173, 118 N. Y., and page 484, 23 N. E., in Halpin v. Insurance Co., becomes applicable, viz.:

"While a dwelling house will not be regarded as occupied unless it is the home or dwelling place of some person, yet temporary absence, leaving the property for a short period unoccupied, will not be regarded as a breach of the condition, while absence for a fixed, definite period, even with the intention to return and occupy the property, will violate the condition and render the policy void."

In Herrman v. Insurance Co., 85 N. Y. 162, 39 Am. Rep. 644, the policy covered a dwelling house which the company knew the plaintiff used only as a summer residence, and it also covered a farm house, barn, and other outbuildings. The policy provided that it should be void in case—

"The above-mentioned premises shall * * * become vacant or unoccupied, and so remain for more than thirty days, without notice to and consent of this company in writing."

In November plaintiff left the dwelling house furnished and in charge of his farmer, who occupied the farm house, and members of whose family visited and aired the dwelling house once a week. Plaintiff and his wife also visited it once a fortnight. In April following the dwelling and some of the outhouses were destroyed by fire, and it was held, in an action upon the policy, that the dwelling house was not occupied within the meaning of the policy, which was therefore forfeited by a failure to notify and obtain the consent of the company. The court pointed out the distinction between the words "vacant and unoccupied," as in Herrman v. Insurance Co., 81 N. Y. 184, 37 Am. Rep. 488, and the words "vacant or unoccupied," as in the case at bar; the latter condition being broken when the house was either empty or unused as an abode, while the former required a concurrence of the absence of the occupants and a removal of the inanimate contents of the premises. The court said (page 169, 85 N. Y., and page 647, 39 Am. Rep.):

"We think that a verdict of a jury would not have been allowed to stand that found that this dwelling house was occupied, at the time of the fire, within the terms of the policy."

The case of Huber v. Assurance Co., 92 Hun, 223, 36 N. Y. Supp. 873, is directly in point. The condition of the policy was in the precise words of this one. The plaintiff, who was and for a long time

had been the tenant of the house, left the house on August 24th, intending to be absent five or six weeks, at the end of which time she expected to return.　The fire occurred on the night of September 17th, or the morning of September 18th.　The agent of the owner had agreed to paper and paint the rooms during the tenant's absence, except one in which the latter had stored her furniture.　She kept the key of this room, nailed up two of the doors of the house, locked up the other two, and gave the key of the front door to a friend, with instructions to go there every day to see that the doors were locked and blinds closed after the painters left.　Held, not only that the house was unoccupied and that the plaintiff could not recover, but also that, as the policy provided that if the condition of nonoccupancy should occur the "entire policy" should be void, the plaintiff could not recover under it for the loss of personal property contained in the building.　See, also, Martin v. Insurance Co., 86 Hun, 35, 33 N. Y. Supp. 404; Reid v. Insurance Co., 90 N. Y. 382; Halpin v. Insurance Co., 120 N. Y. 70, 23 N. E. 988.

The defense is not affected by the fact that the plaintiff returned to the house before the fire, or because the risk may not have been increased by her absence.　"The stipulation in regard to occupancy was an express warranty, and, unless it was either performed or waived, the policy became void."　O'Brien v. Insurance Co., 134 N. Y. 28, 30, 31 N. E. 265, 266.　See, also, Cogswell v. Chubb, 1 App. Div. 93, 95, 36 N. Y. Supp. 1076, affirmed on opinion below 157 N. Y. 709, 53 N. E. 1124; Mead v. Insurance Co., 7 N. Y. 530; Fernandez v. Insurance Co., 48 N. Y. 571, 8 Am. Rep. 571; Alexander v. Insurance Co., 66 N. Y. 464, 468, 23 Am. Rep. 76; Moore v. Insurance Co., 62 N. H. 240, 13 Am. St. Rep. 556.

The judgment should be reversed, and a new trial granted.

Judgment reversed, and new trial granted, costs to abide the event. All concur.