■ JOCELYN BREEN, Mother on Behalf of KEITH BREEN, an Infant, Respondent, v. BOBBY BREEN, Appellant.— Order entered September 10, 1962 unanimously reversed, on the law, the facts and in the exercise of discretion, and the petition dismissed, without costs. The record indicates that the sum of $200 per month, which the respondent is presently paying, is sufficient in the light of the respondent's ability to pay and taking into consideration the needs of the child. In view of the fact that there has been no default in the payment of the $200 per month and there being no present indication that a default is likely in the future, a bond should not be required. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.

■ JOSEPH NURNBERG et al., Appellants-Respondents, v. CITIZENS CASUALTY COMPANY OF NEW YORK et al., Respondents-Appellants.— Order entered September 21, 1962, denying plaintiffs' motion for summary judgment unanimously modified, on the law, to the extent of directing summary judgment in favor of defendants dismissing the complaint, and, as so modified, affirmed, with $20 costs and disbursements to defendants. The policies of insurance sued upon in all three causes of action contained clauses suspending the coverage of insurance in the event of the vacancy or unoccupancy of the buildings for a period of 60 consecutive days. The building in which the fire occurred became vacant and unoccupied from at least June 1, 1960, up to June 1, 1961, on which date the fire occurred. Hence, the coverage of the policies was suspended because of such vacancy or unoccupancy beyond a period of 60 consecutive days prior to the fire. Plaintiffs' reliance on the provisions of riders to the policies involved in the first two causes of action granting permission for vacancy or unoccupancy without limit of time where the protected property is other than manufacturing property cannot be sustained. At the inception of the policies of insurance, the building was occupied and used for the manufacture of chemicals, glue, paste and sizing, and such use is set forth in the policies. Therefore, the provisions of the rider, upon which plaintiffs rely — dealing with other than manufacturing property — are inapplicable to the coverage of the policies. The defendants insured a building occupied for manufacturing purposes, and the risk assumed by defendants could not be changed by plaintiffs' unilateral use of the building for storage purposes before it became vacant. Although plaintiffs moved for summary judgment, such relief can be granted to defendants even in the absence of a cross motion. (Rules Civ. Prac., rule 113; *De Rosa* v. *Slattery Contr. Co.,* 14 A D 2d 278, 280, affd. 12 N Y 2d 735.) Moreover, although plaintiffs' appeal is directed to a denial of summary judgment as to the first two causes of action, we see no reason for restricting our determination in favor of defendants to those two causes since the third cause for loss of rentals is bottomed on a policy of insurance which contains a 60-day vacancy clause but does not have a rider similar to the ones on which plaintiffs rely to sustain the first two causes of action. The 60-day vacancy clause is therefore equally applicable as a defense to all three causes of action. Defendants should, therefore, have summary judgment dismissing the entire complaint. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.