## (November 12, 1964)

■ MICHELINE LERNER, Respondent-Appellant, v. ALAN J. LERNER, Appellant-Respondent.— Order, entered on July 3, 1964, awarding plaintiff temporary alimony and counsel fee unanimously affirmed, without costs, with leave to defendant to move for a reduction of the temporary alimony in the event

plaintiff is not ready to proceed to trial when the cause is reached on the General Equity Dropped Calendar of Special and Trial Term, Part I, New York County and thereafter. The record herein demonstrates the recurrent aspects of applications of this type in which the respective financial needs and resources of the parties are contested in affidavits which make exaggerated claims as to plaintiff's requirements and disingenuous concealment of the resources and income of the parties. Special Term made specific reference to defendant's "palpable reluctance to make a true disclosure of his income and resources". It might be added that plaintiff, too, demonstrated a calculated effort to conceal the extent of her personal assets and income. However, insofar as can be ascertained from the conflicting affidavits, the awards made by Special Term may not be said to be excessive. Nor is there any basis for considering such awards insufficient, as contended in plaintiff's cross appeal. Obviously, the best protection for both parties against their respective claims of inadequacy and excessiveness of the award of temporary alimony is a speedy trial where if necessary the true facts as to the finances of the parties can be ascertained, and plaintiff's right to alimony can be finally determined. We note that the case appeared on the Ready Day Calendar at Special Term, Part XII, on November 2, 1964, and was placed on the General Equity Dropped Calendar when both parties signified they were ready for trial. Hence, it may be anticipated that there will be an early trial of the action. Should plaintiff fail to proceed to trial when the cause is reached, then defendant should be given the opportunity to move for a substantial reduction in the temporary alimony award. Affirmance of the order of Special Term, with that condition, will tend to actuate both parties in pressing for a speedy trial. Our affirmance of the award is, however, not to have any effect on the Trial Judge in his determination as to permanent alimony which determination should rest entirely upon the proof adduced at the trial. Settle order on notice. Concur — Botein, P. J., Rabin, Valente, Stevens and Eager, JJ.