■ DONROJILL REALTY CORP. et al., Appellants, v AETNA CASUALTY AND SURETY COMPANY, Respondent.—In an action, *inter alia,* on a policy of fire insurance, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered November 9, 1976, which is in favor of defendants, upon the trial court's dismissal of the complaint at the conclusion of the entire case, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. A clause in the policy suspended liability if the insured building became "vacant or unoccupied beyond a period of sixty consecutive days". At the trial, the parties stipulated that the fire occurred on January 27, 1975. There was testimony that the building had been rented to a tenant who employed 45 persons and approximately 50 to 60 machines in the manufacture of wire and tubular racks; that the tenant had ceased manufacturing during the month of October, 1974; that it had engaged in cleaning up the premises during the following month pursuant to a requirement that it return the premises broom-clean; and that it had settled a claim for the November rent. In addition, the late president of the plaintiff owner had testified at an examination before trial that the tenant had not returned all of the keys, that it occupied the premises until November 30, 1974 and that he was present on that date when the tenant moved out its property for the last time. The jury therefore could have found that in November, although the actual manufacturing process had ceased, the tenant was in the process of moving out and did not relinquish possession and control before November 30. In our opinion, on this record, whether the building was "vacant or unoccupied" on the critical date (Nov. 28, 1974) was a question for the jury. It cannot be said that there was no rational process by which the jury could have found for the plaintiff (see *Calvaruso v Our Lady of Peace R. C. Church,* 36 AD2d 755). The decisions on which the defendant-respondent relies *(Nurnberg v Citizens Cas. Co. of N. Y.,* 18 AD2d 650, affd 13 NY2d 681; *Halpin v Phoenix Ins. Co.,* 118 NY 165; *Halpin v Aetna Fire Ins. Co.,* 120 NY 70) are inapposite on their facts. Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.

■ DAVID A. FINK et al., Appellants, v HORN CONSTRUCTION CO., INC., et al., Respondents.—In an action to recover damages for defamation and for injunctive relief, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated June 25, 1976, as (1) granted the motion of defendant Horn Construction Co., Inc., and the cross motions of defendants Designers Fore, Ltd., and Georgia Pacific Corp., for summary judgment, (2) dismissed the complaint as against defendant Horn-stein insofar as it sought punitive damges, and (3) denied their cross motion for leave to amend the complaint. Order modified, on the law, by (1) deleting from the first decretal paragraph thereof the words "denied in all its respects", and substituting therefor the following: "granted except as to (a) the first and second causes of action set forth in the proposed amended complaint insofar as they seek damages for libel from Baldwin Jewish Center, (b) the third, fourth, fifth, sixth, ninth, tenth and eleventh causes of action set forth in the proposed amended complaint and (c) the seventh cause of action set forth in the proposed amended complaint insofar as it seeks damages for breach of contract from Designers Fore, Ltd."; (2) deleting the third decretal paragraph thereof and substituting therefor a provision

that the motion of defendant Horn Construction Company is denied; (3) deleting from the fifth decretal paragraph thereof the words "Horn Construction Co. Inc."; (4) deleting the seventh and eighth decretal paragraphs thereof; and (5) deleting from the sixth paragraph thereof the words "other than for punitive damages". As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiffs' time to serve the amended complaint in accordance herewith is extended until 20 days after entry of the order to be made hereon. The libel action against defendant Horn Construction Company, and the claim for punitive damages against defendant Hornstein, present questions of fact for a jury. The seventh and eighth causes of action of the proposed amended complaint as against defendant Baldwin Jewish Center are not barred by the Statute of Limitations (see CPLR 203, subd [c]). The letter written by defendant Designers Fore, Ltd., to the plaintiffs, and published to defendant Hornstein, expressing mere dissatisfaction with plaintiffs' performance of the remodeling project, was not libelous (see Tracy v Newsday, Inc., 5 NY2d 134, 137). The denial of defendant Designers Fore, Ltd.'s, prior motion to dismiss the complaint for failure to state a cause of action (see CPLR 3211, subd [a], par 7) does not bar a motion for summary judgment (see CPLR 3212; Dietrich, Inc. v Brentwood Tel. Corp., 56 AD2d 753). The other issues raised by appellants have been considered and found to be without merit. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.

