statements of some of their codefendants." The Court of Appeals, however, in the very recent case of *People* v. *Pelow* (24 N Y 2d 161, 167) held that although a codefendant's statement was improperly received it would nevertheless affirm appellant's conviction. The court said in part as follows: " While we acknowledge the impropriety which occurred when this statement was introduced, we cannot accept the defendant's contention that this single error mandates a new trial * * * The independent evidence is overwhelming, however, when we consider defendant Pelow's guilt. * * * It should be noted that we neither approve nor condone the admission of this statement against the defendant Pelow. However, as the Supreme Court remarked in *Bruton,* ' " A defendant is entitled to a fair trial but not a perfect one." *Lutwak* v. *United States,* 344 U. S. 604, 619 * * *' (391 U. S., p. 135). Were this statement deleted from the record, there would remain an overabundance of admissible evidence establishing the defendant's guilt beyond a reasonable doubt. (See *People* v. *Kingston,* 8 N Y 2d 384, 387; *People* v. *Cocoa,* 305 N. Y. 282, 288.) The error committed must, therefore, be considered harmless pursuant to our rules of criminal procedure. (Code Crim. Pro., § 542.)" The statement referred to in the above quotations was by Pelow's codefendant who admitted that she accompanied Pelow and another man when they purchased some tools which were later identified as tools used in the burglary of which Pelow was convicted. The court also noted that the purchase of the tools in and of itself (which was the only statement made by the codefendant implicating Pelow) was not a criminal act and was not a basis for the punishment subsequently imposed. Rather, the statement merely referred to the commission of an act preparatory to the burglary. As in *Pelow,* in this case "the independent evidence is overwhelming, when we consider defendant" Moore's guilt. Were it not for the Court of Appeals' ruling in *Pelow,* which seems to be in conflict with *People* v. *Baker,* I would have voted to reverse and order a new trial. However, *Pelow* is the latest pronouncement of the Court of Appeals on this subject and it is only for that reason that I vote to affirm.

(April 8, 1969)

■ THE PEOPLE OF THE STATE OF NEW YORK V. JAMES ABNER GEER.— Motion to dismiss appeal granted and the appeal dismissed as being abandoned (Code Crim. Pro., § 535). Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and Nunez, JJ.

(April 10, 1969)

■ ARNOLD BERNHARD & Co., INC., Respondent, v. FINANCE PUBLISHING CORPORATION et al., Appellants.— Order entered October 29, 1968, unanimously reversed, on the law, with $50 costs and disbursements to appellants, and summary judgment granted to defendants dismissing the complaint. The subject article published in defendant's magazine is not libelous per se; it imputes nothing evil to plaintiff, nor does it charge either negligence or incompetence, consisting, as it does, of the sardonic recital of what at worst might be considered a single instance of mistaken exercise of business judgment on plaintiff's part, without any imputation of fraud, deceit or malpractice. Nothing pleaded justifies an inference of malice, nor are special damages alleged. In sum, the complaint does not allege a cause in libel by any applicable standard. Concur — Stevens, P. J., Eager, Capozzoli, Markewich and Steuer, JJ.