■ DAVID D. SHAW, Appellant, v CONSOLIDATED RAIL CORPORATION et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered on July 17, 1979 in Rensselaer County, which granted defendants' motion for summary judgment dismissing the complaint. Employed by defendant Consolidated Rail Corporation (Conrail) as a terminal trainmaster at Selkirk, New York, plaintiff was responsible for the classification and departure of trains leaving the Selkirk yard during his tour of duty. While he was on duty on the night of October 4, 1978 and the early morning of October 5, 1978, three United Parcel railroad cars were misdirected, with the result that, on October 13, 1978, defendant William Sparks, a division superintendent of Conrail, sent plaintiff a letter stating: "you are hereby relieved from your position of Terminal Trainmaster at Selkirk, New York, due to the mishandling of United Parcel cars on Train TV-10 on your tour of duty—October 4-5, 1978." Copies of this letter were sent to various supervisory officials of Conrail, and subsequently, at plaintiff's request, a hearing was conducted by Conrail on October 23, 1978 to investigate the mishandling of the United Parcel cars. Following this hearing, Superintendent Sparks informed plaintiff by letter of October 30, 1978 that he was adhering to his earlier decision to relieve plaintiff from his position, and copies of this letter were sent to the same officials who had received copies of the letter of October 13, 1978. Alleging that the statements contained in the two letters constituted libel per se, plaintiff thereafter commenced the present action against Conrail and Sparks. At Special Term the court concluded that the complaint was insufficient to allege a cause of action in libel or slander, however, and, accordingly, it dismissed the complaint. This appeal has ensued. We hold that the order of Special Term should be affirmed. Even assuming, *arguendo,* that the statements in the two letters were not privileged, a highly doubtful proposition (see *Stillman v Ford,* 22 NY2d 48; *Burns v Smith-Corona Marchant,* 36 AD2d 400), the court was still correct in granting defendants' motion for summary judgment dismissing the complaint. In this instance, Sparks' statements in the letters refer to one instance of misconduct by plaintiff, i.e., the mishandling of the United Parcel cars on one tour of duty, and not to any general incompetence on plaintiff's part. Furthermore, plaintiff has failed to allege any special damages. Under these circumstances, Sparks' statements are clearly not actionable, and the complaint was properly dismissed under the "single instance" rule *(Bernhard & Co. v Finance Pub. Corp.,* 32 AD2d 516, affd 25 NY2d 712; *Amelkin v Commercial Trading Co.,* 23 AD2d 830, affd 17 NY2d 500). Order affirmed, with costs. Greenblott, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.