■ THOMAS F. BARRETT, Respondent, v COMBINED LIFE INSURANCE COMPANY OF NEW YORK et al., Appellants. — In a defamation action, defendants appeal from a judgment of the Supreme Court, Suffolk County (McCarthy, J.), dated May 28, 1981, which awarded plaintiff compensatory damages of $50,000 and punitive damages of $200,000, upon a jury verdict. Judgment reversed as to defendant Alice L. Berry, on the law, and complaint dismissed as to her. Judgment affirmed insofar as it awarded plaintiff compensatory damages as against defendants Combined Life Insurance Company of New York and Ronald Ullman. Judgment reversed insofar as it awarded plaintiff punitive damages, on the law, that issue is severed, and new trial granted with respect thereto, unless within 20 days after service upon the plaintiff of a copy of the order to be made hereon, with notice of entry, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the amount awarded as punitive damages as against defendants Combined and Ullman to $25,000 and to the entry of an amended judgment accordingly in which event the judgment, as so reduced and amended, is affirmed. No costs or disbursements are awarded on this appeal. The record is insufficient to support a finding that defendant Berry acted with the requisite malice. Such a finding requires a showing of personal spite or ill will, or culpable recklessness or negligence (*Kilcoin v Wolansky*, 75 AD2d 1, 12, affd 52 NY2d 995). Culpable negligence, in this context, is not mere negligence (53 CJS, Libel and Slander, § 215). It must be of such a gross nature as to indicate, in some measure, a disregard for the truth (see *Mercedes-Benz of North Amer. v Finberg*, 58 AD2d 808, 809). Such was not the case with Berry's transmission to Metropolitan Life Insurance Company. That communication was based on defendant Ullman's report. Berry's failure to investigate further before sending her evaluation was at the most, mere negligence (cf. *Karaduman v Newsday, Inc.*, 51 NY2d 531, 541-545). The amount awarded as punitive damages was excessive to the extent indicated herein. Titone, J. P., Lazer, Brown and Niehoff, JJ., concur.

■ ELIHU BURZSTEIN, an Infant, by His Mother and Natural Guardian, ESTHER BURSZTYN, et al., Plaintiffs, v YEHUDA L. PURETZ et al., Defendants. (Action No. 1.) SAMUEL FELDMAN, Respondent, v H. L. F. McBRIDE, INC., et al., Appellants. (Action No. 2.) — In negligence actions to recover damages for personal injuries, etc., the defendants in Action No. 2 appeal from a judgment of the Supreme Court, Kings County (Adler, J.), dated March 13, 1981, which, *inter alia,* found for the plaintiff in Action No. 2 on the issue of liability, upon a jury verdict. Judgment reversed, without costs or disbursements, and new trial granted as to the issue of liability only. The verdict as to damages is held in abeyance pending the new trial. In view of the definition of "intersection" in section 120 of the Vehicle and Traffic Law, it was error for the trial court to have charged that the site of the subject accident was not an intersection and thus not governed by subdivision (b) of section 1172 of the Vehicle and Traffic Law, which relates to a vehicle approaching a yield sign. Damiani, J. P., Mangano, Gibbons and Boyers, JJ., concur.