■ LOUIS TUFANO, Respondent, v STEVEN SCHWARTZ, Appellant. — In a libel action, defendant appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), entered July 12, 1982, which denied his motion to dismiss the complaint for failure to state a cause of action or, in the alternative, for summary judgment. Order reversed, on the law, with costs, and motion to dismiss granted. The statement by defendant to *Newsday* that the cabinets built and installed by plaintiff were a "total misfit", was merely an expression of dissatisfaction with plaintiff's performance. As such, it was not libelous per se (*Fink v Horn Constr. Co.,* 58 AD2d 574). Plaintiff's failure to allege special damages in the complaint, therefore, requires dismissal for failure to state a cause of action (see *Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663, 670). Damiani, J. P., Thompson, Bracken and Rubin, JJ., concur.

■ NANCY VIGNEAUX, Appellant, v PAUL VIGNEAUX, Respondent. — In a matrimonial action in which plaintiff wife moved for a money judgment for arrears in support, a wage deduction order and counsel fees, and defendant husband cross-moved for an order vacating and/or modifying the support order of September 28, 1982, plaintiff wife appeals from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated December 26, 1982, as denied her motion and which granted defendant's cross motion to the extent of suspending all payments due under the support order of September 28, 1982, as of December 15, 1982. Order modified by adding thereto after the words "as of December 15, 1982", the words "except for a payment of $55 per week child support". As so modified, order affirmed, insofar as appealed from, without costs or disbursements. In our opinion, Special Term erred in deleting the child support award. With regard to plaintiff wife's other contentions, we note that a speedy trial is the best remedy for any seeming inequity in temporary awards (*Weisman v Weisman,* 39 AD2d 897; *Lerner v Lerner,* 22 AD2d 771). Damiani, J. P., Weinstein, Niehoff and Boyers, JJ., concur.