OPINION OF THE COURT
Titone, J.
In this defamation action, plaintiff appeals from an order of the Appellate Division, Second Department, which, by a divided court, reversed an order of Special Term and directed dismissal of the complaint. The issue is whether she has stated a cause of action. We agree with the Appellate Division that she has not, and affirm the order of dismissal.
Plaintiff, who describes herself as a linguist completing studies to earn a Ph.D., was employed by the City of Mount Vernon as a legislative assistant to the Mount Vernon City Council. The City Council terminated her employment by resolution duly passed, and plaintiff thereafter commenced this action, sounding in defamation, against defendant, the City Council President.
The complaint sets forth three causes of action, two sounding in libel, one sounding in slander, all involving incidents transpiring prior to plaintiff’s termination. The causes of action sounding in libel revolve around a letter, dated June 11, 1982, which “expressed dissatisfaction with [plaintiff’s] * * * performance”, explained that certain chores she had been directed to undertake had not been completed, and stated that if these matters were not attended to by a specified council meeting date, she would be terminated. Defendant signed that letter on behalf of the City Council and circulated it to Council Members on two occasions.
The oral defamation allegedly occurred while defendant was having his hair cut. Plaintiff claims that, in the presence of barbers, hair stylists, and others, defendant stated “I’ve got to fire a person * * * one of my workers * * * I can’t get her to hand in time sheets * * * I can’t get her to do anything * * * The person is neglectful in her job *** The person isn’t doing their job * * * I’ve got to let her go * * * That’s it”.
Special Term denied defendant’s motion to dismiss. The Appellate Division reversed, by a divided court, and plaintiff appeals. We now affirm.
Whether particular words are defamatory presents a legal question to be resolved by the court in the first instance (Tracy v Newsday, Inc., 5 NY2d 134; Sprecher v Dow Jones & Co., 88 *594 AD2d 550, affd 58 NY2d 862). The words must be construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader, and if not reasonably susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction (see, e.g., Carney v Memorial Hosp. & Nursing Home, 64 NY2d 770; James v Gannett Co., 40 NY2d 415, 419-420; November v Time Inc., 13 NY2d 175,178; Tracy v Newsday, Inc., supra, p 136; Schermerhorn v Rosenberg, 73 AD2d 276).
As a matter of law, the June 11,1982 letter cannot be read as defamatory (Moran v Hearst Corp., 40 NY2d 1071; Mencher v Chesley, 297 NY 94, 100; Wehringer v Allen-Stevenson School, 46 AD2d 641, affd 37 NY2d 864, cert denied 424 US 924). The mere expression of unhappiness with plaintiff’s fulfilling her duties as a legislative assistant is not libelous per se (see, Tufano v Schwartz, 95 AD2d 852; Shaw v Consolidated Rail Corp., 74 AD2d 985; Fink v Horn Constr. Co., 58 AD2d 574; Amelkin v Commercial Trading Co., 23 AD2d 830, affd 17 NY2d 500). The letter also appears to be absolutely privileged for it was written and published by the President of the City Council, a public officer, in the course of official duties (see, Clark v McGee, 49 NY2d 613; Murphy v News Syndicate Co., 12 NY2d 1092; Duffy v Kipers, 26 AD2d 127; 2 NY PJI 119 [1984 Supp]; Ann., 26 ALR3d 492).
The alleged oral utterance made by defendant while he was having his hair cut is similarly not actionable. Aside from the question of whether the statement can be read to be “of and concerning plaintiff” (see, Allen v Gordon, 56 NY2d 780, affg 86 AD2d 514; Julian v American Business Consultants, 2 NY2d 1, 17), it does not, on its face, defame plaintiff in her trade, business or profession and thus does not constitute slander per se, actionable without proof of special damages (Prosser and Keeton, Torts § 112, at 791 [5th ed]). The language, at worst, relates to a “general reflection upon the plaintiff’s character or qualities,” not “a matter of significance and importance” and is not a “defamation of a kind incompatible with the proper conduct of * * * [her] business” (ibid.). Whether or not plaintiff fails “to hand in time sheets” or “is neglectful” is no reflection upon her performance as a linguist or her ability to be a good writer or researcher.
That extrinsic facts could, as plaintiff urges and the dissenting Justice at the Appellate Division implied, render the statement defamatory with respect to plaintiff’s trade, business or profession, is irrelevant. In this State, statements cannot be *595 slanderous per se if reference to extrinsic facts is necessary to give them a defamatory import (Newsday, Inc. v Peck Contr., 87 AD2d 326, 327, appeal dismissed 57 NY2d 885; 2 NY PJI 107 [1984 Supp]).
Plaintiff has not pleaded special damages in her complaint and her effort to do so in her affidavit in opposition to the motion to dismiss, in which she itemized the loss of salary and benefits, does not suffice. Inasmuch as she held her position “at the pleasure of the City Council” and there is no causal connection between the loss of that position and the alleged oral defamation, plaintiff cannot establish special damages as a matter of law (see, Matherson v Marchello, 100 AD2d 233, 235; Prosser and Keeton, Torts § 112, at 797 [5th ed]; Sack, Libel, Slander and Related Problems, VII.2.2, at 345-346; cf. James v Board of Educ., 37 NY2d 891).
For these reasons, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs.