■ ANN M. NOBLE, Appellant, v CREATIVE TECHNICAL SERVICES, INC., et al., Respondents.—In an action to recover damages for defamation, intentional infliction of emotional distress and conspiracy, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated August 2, 1985, which granted the defendants' motion for summary judgment dismissing the complaint in its entirety.

Ordered that the order is affirmed, with costs.

On July 9, 1984, the plaintiff Ann Marie Noble was hired by the Direct Marketing Group, Inc. (hereinafter DM) as manager of human resources for various divisions of DM, including Creative Technical Services, Inc. (hereinafter CT) and

Creative Mailing Services, Inc. (hereinafter CM). Her primary duties consisted of recruitment and hiring. Thereafter, Peter Kerr was hired as her supervisor.

On December 19, 1984 the plaintiff met with Mr. Kerr and William Forlenza, head of CM, to evaluate her job performance. On December 21, 1984, the plaintiff received the allegedly defamatory memorandum from Mr. Kerr. The defendants contend that the memorandum merely summarized the meeting. The plaintiff argues that the memorandum grossly exaggerated her supposed weaknesses and completely omitted the positive aspects of her work. Copies of the memorandum were sent to John DePasquale, chairman of the board of directors of CT, William Marano, president of CM, and Forlenza. The plaintiff contends that this memorandum was directly related to the termination of her employment on January 15, 1985.

Thereafter, the plaintiff's application for unemployment benefits was denied by the New York State Unemployment Division but was granted by an Administrative Law Judge. The plaintiff alleges that the defendants defamed her in the memorandum and in their responses to questions from the New York State Unemployment Division. She also alleges intentional infliction of emotional distress by reason of the said defamatory acts and further alleges that the defendants conspired to fabricate a reason to terminate her employment and prevent her from obtaining unemployment benefits.

The subject memorandum was communicated to those with a common interest in the company's operations and enjoyed a qualified privilege *(see, Stillman v Ford,* 22 NY2d 48; *Friedman v Ergin,* 110 AD2d 620, *affd* 66 NY2d 645; *La Scala v D'Angelo,* 104 AD2d 930). As such, it was the plaintiff's burden to show actual malice, and the plaintiff has failed to demonstrate evidentiary facts sufficient to raise a triable issue of malice.

Furthermore, viewing the memorandum in its entirety, and reading it as the average reader would *(Aronson v Wiersma,* 65 NY2d 592), given the circumstances surrounding its publication *(James v Gannett Co.,* 40 NY2d 415) but not in its mildest form *(November v Time Inc.* 13 NY2d 175), the defendants' memorandum is not susceptible to being read as defamatory per se. The mere expression of dissatisfaction with the plaintiff's performance of her duties is not libelous per se *(see, Aronson v Wiersma, supra; Tufano v Schwartz,* 95 AD2d 852; *Fink v Horn Constr. Co.,* 58 AD2d 574). Since the plaintiff has

not alleged special damages *(see, Matherson v Marchello,* 100 AD2d 233), summary judgment was properly granted.

The plaintiff's second cause of action is based upon statements made to the New York State Unemployment Division. Such statements are privileged, and the allegations set forth in support of this cause are insufficient to state a cause of action, as a matter of law *(see, Silver v Mohasco Corp.,* 62 NY2d 741; *Missick v Big V Supermarkets,* 115 AD2d 808; *Stilsing Elec. v Joyce,* 113 AD2d 353; Labor Law § 537).

As to the plaintiff's third cause of action to recover damages for intentional infliction of emotional distress, there are no allegations of the required extreme, outrageous conduct going beyond all possible bounds of decency and this cause of action is legally insufficient *(see, Fischer v Maloney,* 43 NY2d 553, 557; *Meroni v Holy Spirit Assn.,* 119 AD2d 200).

The plaintiff's fourth cause of action sounding in conspiracy, alleging that defendants conspired to fabricate a reason to terminate the plaintiff's employment, is also legally insufficient. In New York, there is no substantive tort of civil conspiracy *(Burns Jackson Miller Summit & Spitzer v Lindner,* 88 AD2d 50, *affd* 59 NY2d 314; *Chiaramonte v Boxer,* 122 AD2d 13; *Gould v Community Health Plan,* 99 AD2d 479). Allegations of conspiracy may only be used to tie a defendant to an actionable tort *(Brackett v Griswold,* 112 NY 454, 467; *Alexander & Alexander v Fritzen,* 68 NY2d 968, 969). In this case, there could not be an actionable conspiracy to fabricate a reason to terminate the plaintiff's employment since she was an employee at will who could be discharged without cause *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293).

Since all four of the plaintiff's causes of action are legally insufficient and were properly dismissed, we need not address the defendants' claim of lack of personal jurisdiction. Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.