■ REMILE MONSANTO, Respondent-Appellant, v ELECTRONIC DATA SYSTEMS CORPORATION et al., Appellants-Respondents.— In an action to recover damages for slander, the defendants appeal from (1) so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated April 8, 1987, as denied that branch of their motion which was to dismiss the fifth cause of action asserted in the complaint, and (2) so much of an order of the same court dated September 25, 1987, as, upon reargument, adhered to the original determination, and the plaintiff cross-appeals from so much of the order dated April 8, 1987, as granted that branch of the defendants' motion which was to dismiss the first, second, and sixth causes of action asserted in the complaint.

Ordered that the defendants' appeal from so much of the order dated April 8, 1987, as denied their motion to dismiss the fifth cause of action is dismissed, as that part of the order was superseded by the order dated September 25, 1987, made upon reargument; and it is further,

Ordered that the order dated April 8, 1987 is affirmed insofar as cross-appealed from, on the law; and it is further,

Ordered that the order dated September 25, 1987 is reversed insofar as appealed from, the defendants' motion to dismiss the fifth cause of action is granted and the provision of the order dated April 8, 1987, denying that branch of the motion is vacated; and it is further,

Ordered that the defendants are awarded one bill of costs.

The court erred in declining to dismiss the plaintiff's fifth cause of action sounding in conspiracy. A claim of conspiracy does not constitute a substantive tort and may be alleged only to connect a defendant to an otherwise actionable tort *(see, Alexander & Alexander v Fritzen,* 68 NY2d 968, 969; *Noble v Creative Tech. Servs.,* 126 AD2d 611, 613). Insofar as the complaint alleges that the defendants conspired to terminate the employment of the plaintiff, the conspiracy claim is not actionable since New York does not recognize a common-law tort theory of liability based upon wrongful discharge of an "at will" employee *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293; *Noble v Creative Tech. Servs., supra).* Nor can the conspiracy claim be permitted to stand on the theory that it links the individual defendant to the employment discrimination claims asserted against the corporate defendant under the Human Rights Law (Executive Law § 297). A discrimination claim under the Human Rights Law is an action created by statute, which did not exist at common law, and therefore cannot give rise to tort liability *(see, Murphy v American Home Prods. Corp., supra,* at 297, 307). The conspiracy claim must be dismissed for the additional reason that a corporate employee is not individually subject to discrimination suits under the Human Rights Law "if he is not shown to have any ownership interest or any power to do more than carry out personnel decisions made by others" *(Patrowich v Chemical Bank,* 63 NY2d 541, 542).

The second cause of action for breach of contract and wrongful termination was properly dismissed. Reference to the governing employment contract signed by the plaintiff reveals that the parties did not agree to a fixed term of employment, but rather that "the employment relationship and this agreement may be terminated by either party at any time". It is well settled that where the term of employment is not fixed by a contract, the employee is deemed to be "at will" and the employer may terminate the employment of the "at will" employee "at any time and for any reason or for no reason" *(see, Buffolino v Long Is. Sav. Bank,* 126 AD2d 508, 509; *see also, O'Connor v Eastman Kodak Co.,* 65 NY2d 724; *Murphy v American Home Prods. Corp., supra).*

We find untenable the plaintiff's contention that the express choice-of-law provision embodied in the employment contract should not be given effect since Texas decisional law is allegedly violative of an undefined public policy of this State. In fact, the rule of contract regarding an "at-will" employee

under Texas law is indistinguishable from the New York rule *(see, Reynolds Mfg. Co. v Mendoza,* 644 SW2d 536, 538-539 [Tex]).

In his second cause of action the plaintiff attempts to circumvent an express contractual provision contained in the employment contract by alleging that the defendants breached a provision contained in the "EDS Manager's Guide" which, according to the complaint, provides that "the initiator of the termination should be convinced of the employee's violation". In view of the fact that the employment agreement provides that it may not be modified absent a written agreement executed by both the employer and the employee, the "Guide" provision constitutes nothing more than a general guideline which cannot be imposed upon the contract *(see, Reynolds Mfg. Co. v Mendoza, supra,* at 539). Moreover, the foregoing provision does not constitute a sufficiently express limitation on the employer's right of discharge to give rise to an action for breach of contract *(see, Buffolino v Long Is. Sav. Bank, supra,* at 509; *O'Connor v Eastman Kodak Co.,* 108 AD2d 843, *affd* 65 NY2d 724, *supra; cf., Weiner v McGraw-Hill, Inc.,* 57 NY2d 458).

The plaintiff's alternative argument that the law implies a covenant of good faith or fair dealing in every employment contract limiting the right of an employer to discharge an employee without good cause has previously been rejected by the Court of Appeals in *Murphy v American Home Prods. Corp. (supra,* at 304-305; *see also, Sabetay v Sterling Drug,* 69 NY2d 329).

The plaintiff's claim of defamation fails to comply with the special pleading requirement contained in CPLR 3016 (a) that the complaint set forth the "the particular words complained of", thereby mandating dismissal *(see, Gardner v Alexander Rent-A-Car,* 28 AD2d 667; *Kahn v Friedlander,* 90 AD2d 868, 869). The claim is further defective in that it fails to state the particular person to whom the allegedly defamatory comments were made *(see, Buffolino v Long Is. Sav. Bank, supra,* at 510).

When viewed in the light most favorable to the plaintiff, the sixth cause of action does not sufficiently allege facts constituting intentional infliction of emotional distress *(see, Fischer v Maloney,* 43 NY2d 553, 557; *Buffolino v Long Is. Sav. Bank, supra,* at 510). Insofar as this cause of action may be construed to allege a prima facie tort, it is nonetheless insufficient as there is no allegation of special damages *(see, Frei-*

*hofer v Hearst Corp.,* 65 NY2d 135, 142-143). Moreover, this court has held that "[a] prima facie tort cause of action 'cannot be allowed in circumvention of the unavailability of a tort claim for wrongful discharge or the contract rule against liability for discharge of an at-will employee' " *(O'Donnell v Westchester Community Serv. Council,* 96 AD2d 885, quoting from *Murphy v American Home Prods. Corp., supra,* at 304). Thompson, J. P., Weinstein, Eiber and Harwood, JJ., concur.