■ MICHAEL M. GOLDBERG, Respondent, v COLDWELL BANKER, INC., et al., Appellants.—In an action to recover damages for libel, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Marbach, J.), entered February 21, 1989, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The question of whether particular words are reasonably susceptible of a defamatory meaning is to be resolved by the court in the first instance *(see, Aronson v Wiersma,* 65 NY2d 592, 593-594; *James v Gannett Co.,* 40 NY2d 415, 419-420). The words complained of must be construed in the context of the statement or publication as a whole and from the standpoint of the average reader *(Aronson v Wiersma, supra,* at 594; *Udell v New York News,* 124 AD2d 656). The statement in issue was contained in an interoffice memorandum from the defendant Peter Z. Zaborski, an employee of the defendant Coldwell Banker, Inc., to his superior, and charged that the plaintiff Michael M. Goldberg "has been most uncooperative, abrasive and dilatory in fulfilling his responsibilities in interacting with our customer *[sic],* client's attorney, client and participating brokers". Taken in context and viewed fairly, this statement may not be read as charging the plaintiff, an

attorney, with professional incompetence *(see, Van Lengen v Parr,* 136 AD2d 964). Rather, the memorandum expresses dissatisfaction with the manner in which the plaintiff conducted himself in the context of one transaction and, as such, does not constitute libel per se *(see, e.g., Noble v Creative Tech. Servs.,* 126 AD2d 611; *Tufano v Schwartz,* 95 AD2d 852; *Beinin v Berk,* 88 AD2d 884; *Shaw v Consolidated Rail Corp.,* 74 AD2d 985). Furthermore, the statements in the memorandum which included language specifically recommending that the plaintiff not be retained or recommended in future transactions are, at worst, expressions of opinion and are afforded constitutional protection *(see, Steinhilber v Alphonse,* 68 NY2d 283; *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, *cert denied* 434 US 969). It is clear from the record that the recipient of the offending memorandum accepted the declarations contained therein as opinion rather than statements of fact.

In light of our determination, we do not address the questions of whether the statements complained of are subject to a qualified privilege and whether the communicant was motivated by malice. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.