(March 18, 1991)

■ BENJAMIN ANGEL, Respondent-Appellant, v LEVITTOWN UNION FREE SCHOOL DISTRICT No. 5 et al., Appellants-Respondents, et al., Defendant.—In an action to recover damages for libel, slander, violation of civil rights, intentional infliction of emotional distress, and negligent supervision, (1) the defendant Zoia appeals, as limited by the appellants-respondents' brief, from so much of a judgment of the Supreme Court, Nassau County (Brucia, J.), dated May 15, 1989, as, upon a jury verdict, is in favor of the plaintiff and against him in the principal sums of $15,000 for compensatory damages for libel and slander, $50,000 for compensatory damages for intentional infliction of emotional distress, and $50,000 in punitive damages, (2) the defendant Sirois appeals, as limited by the appellants-respondents' brief, from so much of the same judgment as is in favor of the plaintiff and against him in the principal sums of $50,000 in compensatory damages for intentional infliction of emotional distress, and $40,000 in punitive damages, and failed to dismiss the seventh, eighth, ninth and tenth causes of action insofar as asserted against him, (3) the Levittown Union Free School District No. 5 appeals, as limited by the appellants-respondents' brief, from so much of the same judgment as is in favor of the plaintiff and against it in the principal sums of $15,000 for compensatory damages for libel and slander, and $50,000 for compensatory damages for intentional infliction of emotional distress and failed to dismiss the seventh, eighth, ninth and tenth causes of action insofar as asserted against it, (4) the plaintiff cross-appeals from so much of the same judgment as dismissed his fourteenth cause of action, and granted the defendants a new trial on his seventh, eighth, ninth, and tenth causes of action, and (5) the plaintiff further appeals, as limited by his notice of appeal and brief, from so much of an order and judgment (one

paper) of the same court, dated June 1, 1989, as granted those branches of the appellants-respondents' motion which were to dismiss his third, fourth, fifth, sixth, eleventh and twelfth causes of action.

Ordered that the order and judgment dated June 1, 1989, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment dated May 15, 1989, is modified, on the law and the facts and as a matter of discretion, (1) by deleting the provision thereof which granted a new trial on the plaintiff's seventh, eighth, ninth, and tenth causes of action and substituting therefor a provision dismissing those causes of action, (2) by deleting the provision thereof which is in favor of the plaintiff and against the defendant Sirois and substituting therefor a provision dismissing the complaint insofar as it is asserted against the defendant Sirois, (3) by deleting the provisions thereof in favor of the plaintiff and against the defendants Zoia and Levittown Union Free School District No. 5 in the principal sum of $50,000 for damages for intentional infliction of emotional distress and substituting therefor provisions dismissing that cause of action in its entirety, and (4) deleting the provisions thereof in favor of the plaintiff and against the defendants Zoia and Levittown Union Free School District No. 5 in the principal sums of $15,000 for damages for libel and slander and against the defendant Zoia in the principal sum of $50,000 in punitive damages and substituting therefor provisions granting those defendants a new trial on the plaintiff's first and second causes of action to recover damages for libel and slander on the issue of damages only, unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict against the defendants Zoia and Levittown Union Free School District No. 5 as to compensatory damages for libel and slander to $5,000, and to reduce the verdict against the defendant Zoia for punitive damages to $15,000, and to the entry of an amended judgment accordingly; as so modified, the judgment dated May 15, 1989, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiff's time to serve and file a stipulation is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry.

The plaintiff Benjamin Angel, the former Chairman of the Guidance Department at the Division Avenue High School in Levittown, Long Island, instituted this action against the

defendant Levittown Union Free School District No. 5 (hereinafter the District), and its employees Herman Sirois, Daniel Bryan, and Ronald Zoia, to recover damages for libel, slander, violation of civil rights, intentional infliction of emotional distress and negligent supervision of employees. The action arose from the circulation of six memoranda by Zoia, Sirois, and Bryan in September and October 1983. The court dismissed the causes of action asserted against Bryan, and, following a trial, the jury rendered a verdict finding the remaining defendants liable for damages for libel and slander and intentional infliction of emotional distress.

We find that the jury properly found Zoia and the District to be liable to the plaintiff on his first and second causes of action to recover damages for libel and slander. The evidence established that Zoia wrote a memorandum dated September 22, 1983, in which he stated that he considered the plaintiff's taking of a number of calendar books from the school to be a "theft". The testimony also established that Zoia related the contents of this memorandum to persons both inside and outside the school.

A statement is defamatory per se when it imputes to the plaintiff the commission of an indictable crime *(see, Grimaldi v Schillaci,* 106 AD2d 728; *Caffee v Arnold,* 104 AD2d 352; *Privitera v Town of Phelps,* 79 AD2d 1), and Zoia's statements accused the plaintiff of theft. Accusations of criminal or illegal activity, even in the form of an opinion, are not constitutionally protected *(see, Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 380, *cert denied* 434 US 969; *see also, Silsdorf v Levine,* 59 NY2d 8, *cert denied* 464 US 831). Moreover, contrary to the contention of the defendants, even if Zoia's statements were originally protected by a qualified privilege, there is sufficient evidence in the record to support the jury's conclusion that the plaintiff had overcome the privilege *(see, Cosme v Town of Islip,* 63 NY2d 908; *Toker v Pollak,* 44 NY2d 211).

However, we find that the trial court should have dismissed the seventh, eighth, ninth and tenth causes of action to recover damages for libel and slander based upon memoranda written by Sirois, criticizing a presentation given by the plaintiff to the Board of Education, characterizing his behavior during a meeting as insubordinate, and directing him to attend a meeting with Sirois to formally discuss these matters. Expressions of mere dissatisfaction with a plaintiff's work performance do not constitute libel or slander per se *(see,*

*Aronson v Wiersma,* 65 NY2d 592; *Shaw v Consolidated Rail Corp.,* 74 AD2d 985; *Tufano v Schwartz,* 95 AD2d 852; *Noble v Creative Tech. Servs.,* 126 AD2d 611; *Goldberg v Coldwell Banker,* 159 AD2d 684). Sirois's statement that the plaintiff's behavior at a meeting was insubordinate constituted an opinion protected by the First Amendment and is not actionable *(see, Rinaldi v Holt, Rinehart & Winston, supra,* at 380; *Steinhilber v Alphonse,* 68 NY2d 283, 289), nor does it constitute a statement which would necessarily tend to injure the plaintiff in his capacity as a guidance counselor, such as to constitute libel per se *(see, Aronson v Wiersma, supra).* Since the plaintiff failed to allege special damages, his seventh, eighth, ninth and tenth causes of action failed to state causes of action to recover damages for libel or slander and should have been dismissed *(see, Noble v Creative Tech. Servs., supra; Matherson v Marchello,* 100 AD2d 233). For the same reasons, we conclude that the trial court properly dismissed the plaintiff's third, fourth, fifth, sixth, eleventh and twelfth causes of action based on three other memoranda written by Sirois and Bryan.

We also find that the trial court should have dismissed the plaintiff's cause of action to recover damages for intentional infliction of emotional distress, since the actions of the appellants-respondents did not rise to the level of extreme and outrageous behavior necessary to support a cause of action to recover damages for intentional infliction of emotional distress. Indeed, the evidence adduced at the trial revealed only commonplace conflicts between employees at the workplace *(see, Fischer v Maloney,* 43 NY2d 553, 558; *Leibowitz v Bank Leumi Trust Co.,* 152 AD2d 169).

We further find that the damages awarded for libel are excessive and should be reduced. While we note that injury is presumed where libel per se is established, the plaintiff has failed to present evidence, other than his own self-serving testimony which was not corroborated by expert medical testimony as to his emotional distress, that he was in any way injured by the false statement. Accordingly, the amount of compensatory damages assessed against Zoia and the District should be reduced from $15,000 to $5,000. Furthermore, keeping in mind the court's duty to keep awards of punitive damages within reasonable bounds by considering the purpose to be achieved as well as the bad faith of the defendant in the particular case, we find that, to the extent that the award of punitive damages against Zoia exceeded $15,000, the award was excessive *(see, Barrett v Combined Life Ins. Co.,* 88 AD2d

630; *Nellis v Miller,* 101 AD2d 1002). Kooper, J. P., Lawrence, Harwood and Balletta, JJ., concur.