PAULA D. MILLER, Respondent, v TERRY M. RICHMAN et al., Appellants.

Fourth Department, December 30, 1992

## APPEARANCES OF COUNSEL

*Geiger & Rothenberg,* Rochester *(David Rothenberg* of counsel), for appellants.

*Peter V. Calviera* and *Donna Marianetti,* Rochester, for respondent.

### OPINION OF THE COURT

GREEN, J.

Plaintiff cannot circumvent the employment-at-will rule by asserting causes of action for defamation, injurious falsehood and tortious interference with her employment *(see, Ingle v Glamore Motor Sales,* 73 NY2d 183; *Murphy v American Home Prods. Corp.,* 58 NY2d 293). Therefore, defendants' motion to dismiss the complaint for failure to state a cause of action *(see,* CPLR 3211 [a] [7]) should have been granted.

In considering the motion addressed to the sufficiency of the complaint, we accept plaintiff's allegations as true *(see, Prudential-Bache Sec. v Citibank,* 73 NY2d 263, 266; *Silsdorf v Levine,* 59 NY2d 8, 12, *cert denied* 464 US 831). Plaintiff began working as a legal secretary in the corporate department of the defendant law firm, Chamberlain, D'Amanda, Oppenheimer & Greenfield (Chamberlain) in November 1988. One of her supervisors was defendant Richman, a Chamberlain associate. In the spring of 1991, plaintiff arranged to transfer to another department within the firm allegedly because of poor treatment she received from Richman. The day after plaintiff accepted a new position with Chamberlain partner Anita Miller, however, the anticipated transfer fell through. Plaintiff learned that, after a discussion with Richman, Miller no longer wanted plaintiff to work for her. Richman had told Miller that plaintiff is "one of the worse *[sic]* secretaries at the firm," that her "work habits are bad," her "performance is

bad," and that plaintiff "is not what you are looking for." On July 24, 1991, two weeks after the conversation between Richman and Miller, Chamberlain terminated plaintiff's employment. Following plaintiff's discharge, defendant Matthew J. Fusco, a Chamberlain associate, stated to another employee that plaintiff "was one of the worst secretaries at the firm."

■ In her first, second and third causes of action, plaintiff alleges that the remarks of Richman and Fusco were defamatory and that Chamberlain ratified the defamatory statements by firing her. We conclude that the causes of action for defamation should be dismissed because the statements at issue are protected expressions of opinion.

Whether a statement is an expression of fact or opinion is a question of law for the court (see, Silsdorf v Levine, 59 NY2d 8, 13, supra; Park v Capital Cities Communications, 181 AD2d 192, 196). In our view the statements criticizing plaintiff's performance and comparing her unfavorably to other secretaries at the firm are, as a matter of law, nonactionable expressions of opinion (see, Williams v Varig Brazilian Airlines, 169 AD2d 434, lv denied 78 NY2d 854 [criticism of plaintiff's work performance, attitude and disposition]; Amodei v New York State Chiropractic Assn., 160 AD2d 279, 280, affd 77 NY2d 890 [chiropractor accused of " 'unprofessional conduct' "]; Goldberg v Coldwell Banker, 159 AD2d 684 [attorney described as " 'most uncooperative, abrasive and dilatory' " in fulfilling responsibilities]; Hollander v Cayton, 145 AD2d 605, 606 [statements that physician was " 'immoral' ", " 'unethical' ", and had " 'mismanaged cases' "]). The individual defendants' unfavorable assessments of plaintiff's work are "incapable of being objectively characterized as true or false" (Park v Capital Cities Communications, supra, at 196; Amodei v New York State Chiropractic Assn., supra).

Because the individual defendants' statements are not actionable, it is not necessary to determine whether Chamberlain ratified the statements when it fired plaintiff. We note, however, that no cause of action for defamation exists for the discharge of an at-will employee (Weintraub v Phillips, Nizer, Benjamin, Krim, & Ballon, 172 AD2d 254) and that "an employer has the right, without judicial interference, to assess an employee's performance on the job" (Williams v Varig Brazilian Airlines, supra, at 438).

■ Plaintiff also fails to state a cause of action against defendant Richman for tortious interference with her employ-

ment relationship. The complaint fails to allege that Richman was acting outside the scope of her employment when she made the statements allegedly causing plaintiff's termination *(see, Vardi v Mutual Life Ins. Co.,* 136 AD2d 453, 456; *Kartiganer Assocs. v Town of New Windsor,* 108 AD2d 898, 899, appeal dismissed 65 NY2d 925) or that Richman procured her discharge through fraudulent misrepresentation, threats or the violation of a duty owed to plaintiff by virtue of a confidential relationship *(see, Ingle v Glamore Motor Sales,* 73 NY2d 183, *supra; Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 194). Further, "the plaintiff here cannot be allowed to evade the employment at-will rule and relationship by recasting [her] cause of action in the garb of a tortious interference with [her] employment" *(Ingle v Glamore Motor Sales,* 73 NY2d 183, 189, *supra).*

Similarly, plaintiff's cause of action for injurious falsehood may not serve as a device to escape the rule of nonliability for termination of an at-will employee *(see, Ingle v Glamore Motor Sales, supra,* at 188-189; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303-304, *supra).* Because plaintiff fails to allege injury to any legally protected property interest, her cause of action for injurious falsehood should be dismissed *(see, Cunningham v Hagedorn,* 72 AD2d 702, 704).

Accordingly, defendants' motion to dismiss the complaint for failure to state a cause of action should be granted.

CALLAHAN, J. P., BALIO, FALLON and DOERR, JJ., concur.

Order unanimously reversed, on the law, without costs, motion granted and complaint dismissed.