■ CONRAD L. OTT, Respondent, v AUTOMATIC CONNECTOR, INC., Appellant. [598 NYS2d 10] —In an action to recover damages, inter alia, for defamation, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated September 21, 1990, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second and third causes of action asserted in the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendant's

motion which were to dismiss the second and third causes of action are granted, those causes of action are dismissed, and the plaintiff's cross motion for leave to replead is denied.

The plaintiff's employment with the defendant company was terminated "without cause" in October, 1989. Several months later, he received a letter from the company president which informed him that the discharge was being changed to "with cause" due to the manner in which he performed certain duties. The plaintiff commenced this action to recover damages, alleging, *inter alia,* in the second and third causes of action, that the statements in the letter were false and injurious to his reputation. Those branches of the defendant's motion which were to dismiss these causes of action sounding in defamation were denied *(see,* CPLR 3211 [a] [7]). We now reverse insofar as appealed from.

The allegations in the complaint sounding in defamation failed to state a cause of action because the alleged defamatory statements were not pleaded with the specificity required by CPLR 3016 (a), and the plaintiff's papers failed to specify to whom the statements were published *(see, e.g., Horowitz v Aetna Life Ins.,* 148 AD2d 584; *Erlitz v Segal, Liling & Erlitz,* 142 AD2d 710; *Monsanto v Electronic Data Sys. Corp.,* 141 AD2d 514). Moreover, we conclude that a defamation cause of action does not lie based on the allegations in the plaintiff's papers, as the unfavorable assessment of his work performance in the letter amounted to a nonactionable expression of opinion. An employer has the right to assess an employee's performance on the job without judicial interference *(see, e.g., Miller v Richman,* 184 AD2d 191; *Williams v Varig Brazilian Airlines,* 169 AD2d 434; *Goldberg v Coldwell Banker,* 159 AD2d 684; *Noble v Creative Tech. Servs.,* 126 AD2d 611).

Although the plaintiff requested permission to replead in the event his complaint was found to be deficient, we decline to grant this relief. The plaintiff failed to disclose evidence demonstrating that he had a cause of action sounding in defamation or any other tort *(see, Bardere v Zafir,* 63 NY2d 850; *Dunn v Dunn,* 162 AD2d 433; CPLR 3211 [e]). Thompson, J. P., Eiber, Ritter and Joy, JJ., concur.