■ K. CAPOLINO CONSTRUCTION CORP. et al., Respondents, v WHITE PLAINS HOUSING AUTHORITY et al., Defendants, and GIS-MONDI & ARNOLD, P. C., et al., Appellants. [655 NYS2d 622] —In an action to recover damages, *inter alia,* for defamation, negligent misrepresentation, and tortious interference with contractual relations, the defendants Gismondi & Arnold, P. C., and Bernard S. Arnold appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 5, 1996, which denied their motion for summary judgment dismissing the fourth, ninth, and tenth causes of action in the second amended complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the fourth, ninth, and tenth causes of action in the second amended complaint are dismissed insofar as asserted against Gismondi & Arnold, P. C. and Bernard S. Arnold.

The appellants were retained by the defendant White Plains Housing Authority (hereinafter WPHA) to perform architectural services for two housing projects. Pursuant to separate agreements, WPHA engaged the plaintiff K. Capolino Construction Corp. (hereinafter Capolino) as the contractor for the projects. The plaintiff Kenneth L. Capolino is the president and chief executive officer of Capolino. WPHA subsequently terminated Capolino's contracts and the plaintiffs commenced this action against WPHA, the appellants, and others.

The Supreme Court erred in denying the appellants' motion for summary judgment dismissing the plaintiffs' fourth cause of action for defamation, the ninth cause of action for negligent misrepresentation, and the tenth cause of action for tortious interference with contractual relations insofar as asserted against them.

The alleged defamatory statements were made pursuant to the appellants' contractual obligations to WPHA. Certain of those statements were nonactionable expressions of opinion (see, Miller v Richman, 184 AD2d 191; Hollander v Cayton, 145 AD2d 605), and the remainder were either not reasonably susceptible of a defamatory meaning (see, Aronson v Wiersma, 65 NY2d 592, 594), or protected by a qualified privilege, which, in this case, was not defeated by any evidence of malice (see, Liberman v Gelstein, 80 NY2d 429, 436-439; Toker v Pollak, 44 NY2d 211, 219).

Absent contractual privity, a cause of action for negligent misrepresentation can be maintained only where the parties' relationship is so close as to approach actual privity (see, Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417, 424). The criteria for liability are: (1) awareness that the information was to be used for a particular purpose, (2) reliance by a known party in furtherance of that purpose, and (3) some conduct by the defendants linking them to that party and evincing the defendants' understanding of the party's reliance (see, Ossining Union Free School Dist. v Anderson LaRocca Anderson, supra, at 425; Credit Alliance Corp. v Andersen & Co., 65 NY2d 536, 551). Here, there is no evidence that the plaintiffs relied on any of the alleged misrepresentations. Essentially, the plaintiffs contend that the appellants were negligent in supervising the project and performing their administrative duties. They allegedly made misrepresentations regarding Capolino's work which resulted in WPHA terminating Capolino's contracts. It was WPHA, not the plaintiffs, who relied on this information. While the plaintiffs allege in a conclusory fashion that they relied on the appellants' misrepresentations, there is no evidence that they did so (cf., Reliance Ins. Co. v Morris Assocs., 200 AD2d 728).

Finally, the plaintiffs are barred from asserting a cause of action for tortious interference with contractual relations by the parties' written stipulation which precluded the addition of this cause of action to the second amended complaint (see, CPLR 2104). Pizzuto, J. P., Altman, McGinity and Luciano, JJ., concur.