■ ROBERT LEONE et al., Respondents, v ANDREW ROSENWACH et al., Appellants. [665 NYS2d 594] —In an action, *inter alia,* to recover damages for defamation, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated January 28, 1997, as denied that branch of their motion which was to dismiss the plaintiffs' second cause of action.

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the motion which was to dismiss the second cause of action is granted, and the second cause of action is dismissed.

The Supreme Court improperly denied that branch of the defendants' motion which was to dismiss the plaintiffs' cause of action alleging defamation. "Where a plaintiff alleges that statements are false and defamatory, the legal question for the court on a motion to dismiss is whether the contested statements are reasonably susceptible of a defamatory connotation * * * In making this determination, the court must give the disputed language a fair reading in the context of the publication as a whole" (*Armstrong v Simon & Schuster,* 85 NY2d 373, 380; *see, Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 254, *cert denied* 500 US 954). In the instant case, the defendants' statements to the effect that the plaintiff Robert Leone was an "incompetent worker" and "unfit for his job" constituted nonactionable statements of opinion, as they "were indefinite, ambiguous and incapable of being objectively characterized as true or false" (*Hollander v Cayton,* 145 AD2d 605, 606; *see, Steinhilber v Alphonse,* 68 NY2d 283; *Gross v New York Times Co.,* 82 NY2d 146). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.