■ JOAN PARLANTE, Appellant, v CROSS COUNTY FEDERAL SAVINGS BANK et al., Respondents. [673 NYS2d 591] —In an action, *inter alia*, to recover damages for breach of a fiduciary duty, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated June 18, 1997, as denied that branch of her motion which was for leave to serve an amended complaint, and (2) from an order of the same court dated November 10, 1997, which denied her motion, in effect, for reargument.

Ordered that the appeal from the order dated November 10, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 18, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent Cross County Federal Savings Bank is awarded one bill of costs.

The Supreme Court denied the plaintiff's motion, *inter alia*, for leave to serve an amended complaint. Although leave to amend is freely given pursuant to CPLR 3025 (b), when leave is sought to amend pleadings which were properly dismissed, the court must be satisfied that there are sufficient grounds to support the proposed amended pleadings (*see,* CPLR 3211 [e]; *Hornstein v Wolf*, 67 NY2d 721, 723; *Ott v Automatic Connector*, 193 AD2d 657; *Dunn v Dunn*, 162 AD2d 433). Here, the plaintiff has failed to disclose any evidentiary facts which would justify such relief (*see,* CPLR 3211 [e]; *Ott v Automatic Connector, supra; Dunn v Dunn, supra; Bardere v Zafir*, 63 NY2d 850; *Corporate Natl. Realty v Philson Ltd.*, 232 AD2d 518). Thus, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was for leave to serve an amended complaint (*see, Lewis v Akers*, 227 AD2d 595, 596; *S.A.E. Motor Parts Co. v Tenen-*

*baum,* 226 AD2d 518, 519). Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.