■ CATHLEEN FARROW, Appellant, v O'CONNOR, REDD, GOL-LIHUE & SKLARIN, LLP, et al., Respondents. [857 NYS2d 235]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Slobod, J.), dated February 13, 2007, which, upon an order of the same court, among other things, granting that branch of the defendants' motion which was for summary judgment dismissing the complaint, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this defamation action against her former employer, the defendant law firm, O'Connor, Redd, Gollihue & Sklarin, LLP, and the law firm's office manager, the defendant Debra A. Nichols. The plaintiff alleged that the defendants sent a letter containing defamatory statements to a third party, her insurance company, which was processing her claim for no-fault benefits in connection with a car accident. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. We affirm.

Expressions of an opinion, "false or not, libelous or not, are constitutionally protected and may not be the subject of private damage actions" (*Sassower v New York Times Co.*, 48 AD3d 440, 442 [2008] [internal quotation marks omitted]). "The issue of distinguishing between actionable fact and non-actionable opinion is a question of law for the court" (*Gjonlekaj v Sot*, 308 AD2d 471, 474 [2003]; *see Silsdorf v Levine*, 59 NY2d 8, 13 [1983], *cert denied* 464 US 831 [1983]). Here, the defendants demonstrated their entitlement to summary judgment by establishing that the communication at issue, which amounted to a subjective characterization of the plaintiff's behavior and an evaluation of her job performance, constituted a nonactionable expression of opinion (*see Leone v Rosenwach*, 245 AD2d 343 [1997]; *Ott v Automatic Connector*, 193 AD2d 657, 658 [1993]; *Miller v Richman*, 184 AD2d 191, 193 [1992]; *Angel v Levittown Union Free School Dist. No. 5*, 171 AD2d 770, 773 [1991]; *Williams v Varig Brazilian Airlines*, 169 AD2d 434, 438 [1991]; *Hollander v Cayton*, 145 AD2d 605, 606 [1988]). In opposition, the plaintiff failed to raise a triable issue of fact.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.