OPINION OF THE COURT
Thomas Feinman, J.
The defendants move for an order pursuant to CPLR 3212 granting summary judgment in favor of the defendants dismissing plaintiffs complaint in its entirety, awarding defendants appropriate sanctions, and awarding defendants the costs of this motion. The defendants submit a memorandum of law in support of their motion. The plaintiff submits opposition. The defendants submit a reply memorandum of law in further support of defendants’ motion for summary judgment.
Defendants’ Motion for Summary Judgment
Plaintiff initiated this action sounding in defamation, negligence, libel per se and injurious falsehood. The plaintiff was employed by the defendant, Habberstad Motorsport, Inc., doing business as Habberstad BMW (hereinafter referred to as Habberstad), for approximately nine years. Plaintiff was terminated sometime in January of 2005. The plaintiff claims that the defendant, Erik Habberstad, defamed plaintiff in a written letter dated March 14, 2005, signed by defendant, Erik *841 Habberstad, on Habberstad letterhead. The pertinent portion of such letter provides as follows:
“It is a pleasure to hear that Richard Cioffi treated you in a professional manner and gave you personal attention while he was employed by Habberstad BMW I only wish that he had treated all our clients in that same fashion. Unfortunately, his job consisted of assisting more than just a few choice individuals which is why we had to let him go.”
The plaintiff avers, in opposition to the motion, that
“[t]he libelous statements contained in the [ljetter produced by defendants that I allegedly lack of [sic] professionalism toward some customers which allegedly led to defendants’ terminating plaintiff’s employment is a false and libelous statement which is directed at and intended by defendants to injure me in my business of profession, i.e., meeting potential customers and selling them cars.”
Generally, a plaintiff in a libel action must show special damages consisting of the loss of something having economic or pecuniary value. (Liberman v Gelstein, 80 NY2d 429 [1992].) However, the requirement of showing special damages does not apply to a statement that is libelous “per se,” a statement that is defamatory “on its face.” (Pappas v Passias, 271 AD2d 420 [2000].) Whether particular words are defamatory presents a legal question to be resolved by the court, and if not reasonably susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction. (Joyce v Thompson Wigdor & Gilly LLP, 2008 WL 2329227, 2008 US Dist LEXIS 43210 [2008], citing Golub v Enquirer/Star Group, 89 NY2d 1074 [1997].) Whether a particular statement constitutes pure opinion is a question of law for the court. (Steinhilber v Alphonse, 68 NY2d 283 [1986].) The Court of Appeals in Steinhilber has suggested four factors to be considered in making such a determination:
“(1) an assessment of whether the specific language in issue has a precise meaning which is readily understood or whether it is indefinite and ambiguous; (2) a determination of whether the statement is capable of being objectively characterized as true or false; (3) an examination of the full context of the communication in which the statement appears; and (4) a consideration of the broader social context or setting surrounding the communication including *842 the existence of any applicable customs or conventions which might ‘signal to readers or listeners that what is being read or heard is likely to be opinion, not fact.’ ” (Id. at 292.)
The court in Joyce v Thompson Wigdor & Gilly LLP (2008 WL 2329227, *8, 2008 US Dist LEXIS 43210, *21-22) has provided the standard in which the Second Department has applied the aforesaid considerations:
“New York case law makes clear that ‘a subjective characterization of the plaintiffs behavior and an evaluation of her job performance . . . constitute^] a nonactionable expression of opinion’. Farrow v. O’Connor, Redd, Gollihue & Sklarin, LLP, [51 AD3d 626] (N.YApp. Div.2d Dep’t May 6, 2008)(citing cases); accord Ott v. Automatic Connector, Inc., 193 A.D.2d 657, 658, 598 N.Y.S.2d 10 (2d Dep’t.l993)(An employer has the right to assess an employee’s performance on the job without judicial interference.); Angel v. Levittown Union Free School Dist. No. 5, 171 A.D.2d 770, 773, 567 N.Y.S.2d 490 (2d Dep’t 1991) (Expressions of mere dissatisfaction with a plaintiffs work performance do not constitute libel or slander per se); see also Curto v. Med. World Commc’ns, 388 ESupp.2d 101, 111 (E.D.N.Y.2005) (Under New York law, statements made by employers criticizing their employees’ performance are generally protected statements of opinion).” (Internal quotation marks omitted.)
A defendant’s statement about a secretary, that she was “ ‘one of the worse [sic] secretaries at the firm,’ that her ‘work habits are bad,’ that her ‘performance is bad,’ and that plaintiff ‘is not what you are looking for’ ” were found to be nonactionable expressions of opinion. (Joyce v Thompson Wigdor & Gilly LLP, 2008 WL 2329227, *8, 2008 US Dist LEXIS 43210, *22, quoting Miller v Richman, 184 AD2d 191, 192-193 [1992].) Miller held that the statements which criticized plaintiff’s performance were, “as a matter of law, nonactionable expressions of opinion” whereby the “defendant’s unfavorable assessments of plaintiffs work are incapable of being objectively characterized as true or false.” (Miller v Richman at 193 [internal quotation marks omitted].)
In distinguishing between actual factual assertions and non-actionable opinion, the courts must consider the content of the communication as a whole, as well as its tone and apparent *843 purpose. (Brian v Richardson, 87 NY2d 46 [1995].) Rather than shifting through a communication for the purpose of isolating and identifying assertions of fact, the court should look at the overall context in which the assertions were made and determine on that basis whether the reasonable reader would have believed that the challenged statements were conveying facts about the libel plaintiff. (Id. at 51, citing Steinhilber v Alphonse, 68 NY2d 283 [1986].) In determining whether a contested statement is reasonably susceptible of a defamatory connotation, the court must give the disputed language a fair reading in the context of the publication as a whole. (Leone v Rosenwach, 245 AD2d 343 [1997].) In Leone, the Court found that the defendants’ statement that the plaintiff was an “incompetent worker” and “unfit for his job” constituted nonactionable statements as they were indefinite, ambiguous and incapable of being objectively characterized as true or false. (Id.) Statements in a disparaging letter written by plaintiffs former employer to plaintiffs clients were found to be statements of opinion. (Silverman v Clark, 35 AD3d 1 [2006].) The defendant physician’s alleged statement to plaintiff physician’s patient, “I don’t think [plaintiff] knows what he is talking about either,” was opinion, not actionable in defamation. (Boulas v Newman, 302 AD2d 932, 932 [2003].) An attorney’s letter to a client noting possible irregularities in a prior real estate closing handled by plaintiff, client’s former attorney, contained statements of opinion. (DAgostino v Gould, 158 AD2d 577 [1990].)
Here, the statements contained in the defendants’ letter amount to subjective characterization of the plaintiffs behavior and evaluation of the plaintiffs job performance, and therefore, are nonactionable opinion. Contrary to the plaintiffs assertion, the statements contained in the defendants’ letter do not contain mixed fact and opinion. The defendants’ unfavorable assessment of the plaintiffs job performance is incapable of being objectively characterized as true or false. In examining the full content of the communication as a whole, and in giving the disputed language a fair reading, the statements are found to be opinion and nonactionable.
Additionally, plaintiffs claim for injurious falsehood must fail. The context of the communication and the defendants’ statement was opinion, not actionable by law. The plaintiff has failed to raise a triable issue of fact that the defendants made false statements, maliciously and with the intent to harm the plaintiff. (Gilliam v Richard M. Greenspan, P.C., 17 AD3d 634 *844 [2005].) Moreover, the plaintiff did not allege special damages. (Id.)
In light of the foregoing, the defendants’ motion for summary judgment dismissing plaintiff’s complaint in its entirety is granted.
Defendants’ Motion for Sanctions
That branch of defendants’ motion seeking sanctions for continuing the instant “frivolous” action is denied.
This court will now address that branch of defendants’ motion seeking the imposition of sanctions upon plaintiffs former counsel, David Gevanter, for his conduct during the deposition of the defendant, Erik Habberstad, on January 24, 2007.
New York has adopted the Uniform Rules for the Conduct of Depositions (Uniform Rules for Trial Cts [22 NYCRR] part 221), effective October 1, 2006. Part 221 deals with essentially three areas of perceived abuses, that being (1) the coaching of witnesses when questions are pending, (2) the improper direction to a witness not to answer, and (3) conferences between the attorney and witness during the course of a deposition. Under section 221.1 (a), all objections will be noted by the reporter and an answer will be given over the objection, and the deposition shall proceed subject to the objection. Under section 221.1 (b), the actual objection shall be stated succinctly and framed so as not to suggest an answer to the deponent, and at the request of the questioning attorney, shall include a clear statement as to any defect in form or other basis or irregularity. The examining persons in attendance shall not make statements or comments that interfere with the questioning. Under section 221.2, a deponent shall answer all questions at a deposition, except (a) to preserve a privilege or right of confidentiality, (b) to enforce a limitation set forth in a court order, or (c) when the question is “plainly improper” and would, if answered, cause sufficient prejudice to any person. An attorney shall not direct a deponent to not answer except as provided in CPLR 3115 — whereby any refusal to answer or direction not to answer shall be accompanied by a succinct and clear statement of the basis thereof.
This court has reviewed the deposition transcript of the defendant, as well as the deposition transcript of the plaintiff. This court has found former counsel for the plaintiff, David Gevanter, and counsel for the defendant, Saul D. Zabell, have, at several times, failed to comply with the Uniform Rules for the Conduct of Depositions. However, upon a careful review of *845 the transcripts, this court has found that the conduct of prior counsel, David Gevanter, was obstinate and egregious.
While counsel Zabell interrupted Gevanter’s line of questioning within the first five minutes of defendant’s deposition, Zabell directed the witness to answer Gevanter’s questions over his stated objection. Gevanter consistently interrupted the witness while the witness was answering his questions and did not allow the witness to finish his answer. Gevanter was “um-hmming” while the witness was attempting to answer several questions as noted by the court reporter (transcript at 25, lines 3-25). Gevanter responded to Zabell’s comment that “his personal grunts are not necessary until he finishes speaking.” Gevanter responded, “Listen, don’t tell me — this is my deposition, not yours. I direct you to shut up and get out of here. Now, we’ll go upstairs. You keep interrupting me. ‘Um-hmm’ is not a word.” Mr. Gevanter insisted that since Zabell was not paying for the deposition that he should “shut up” (at 25-27). Gevanter later insinuated that Zabell coached his witness by directing his witness to respond to all questions that he didn’t recall any information. “He refuses - he doesn’t recall anything, even though he states his memory is fine, and that’s what’s going on here” (at 48, lines 8-11). Gevanter remarked to Zabell, “You have a lot of damn nerve” (at 47, lines 19-20).
In reviewing the deposition transcript of plaintiff, this court has found that the following conduct exhibited by Zabell was offensive and unprofessional. Zabell told Gevanter to be silent (at 18, lines 19-20), that “[y]ou’re obviously in over your head” (at 19, lines 9-10), and to “[s]top whining” (at 122, lines 15-19).
Deponents may withdraw a question, or rephrase a question, and may even state an objection for the record, allowing a witness to answer over the objection. The Uniform Rules for the Conduct of Depositions requires that the actual objection shall be stated succinctly and phrased so as not to suggest an answer. Here, rather than comply with the Uniform Rules for the Conduct of Depositions, the attorneys resorted to conduct that can only be characterized as unprofessional, condescending, rude, insulting and obstructive. This court finds that the very conduct Zabell complains of, he exhibited himself. However, as already provided, the conduct exhibited by Gevanter was much more egregious.
In light of the foregoing, it is hereby ordered that former counsel for the plaintiff, David Gevanter, is hereby directed to pay the sum of $1,000, as sanctions, to the Lawyers’ Fund for *846 Client Protection, 119 Washington Avenue, Albany, New York 12210, within 30 days of service of this order with notice of entry, and it is further ordered that counsel for the defendant is hereby directed to pay the sum of $250, as sanctions, to the Lawyers’ Fund for Client Protection, 119 Washington Avenue, Albany, New York 12210, within 30 days of service of this order with notice of entry, and it is further ordered that counsel, David Gevanter, and counsel for the defendant, shall file proof of payment of sanctions with this part within 45 days of service of this order with notice of entry.